Ibeabuchi, Ikemefula Charles/T308156
Name and Prisoner/Booking Number

Arizona State Prison, Eyman Complex
Place of Confinement

Cook Unit, #177007, P.O. Box 3200
Mailing Address

Florence, Arizona, 85132-3200
City, State, Zip Code

☒ FILED ☐ LODGED

**Jul 06 2018**

CLERK U.S. DISTRICT COURT
DISTRICT OF ARIZONA

**(Failure to notify the Court of your change of address may result in dismissal of this action.)**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

IBEABUCHI, IKEMEFULA CHARLES,
(Full Name of Plaintiff)

Plaintiff,

v.

(1) National Records Center, Missouri
(Full Name of Defendant)

(2) U.S. Dep't of Homeland Security

(3) U.S. Dep't of State,

(4) ____________________,

Defendant(s).

☐ Check if there are additional Defendants and attach page 1-A listing them.

**CASE NO.** (2:17-CV-04750-JAT--JZB)
(To be supplied by the Clerk)

**CIVIL RIGHTS COMPLAINT**
**BY A PRISONER**

JURY TRIAL DEMANDED

☐ Original Complaint
☒ First Amended Complaint
☐ Second Amended Complaint

## A. JURISDICTION

1. This Court has jurisdiction over this action pursuant to:
   ☒ 28 U.S.C. § 1343(a); 42 U.S.C. § 1983
   ☒ 28 U.S.C. § 1331; *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971).
   ☒ Other: 42 U.S.C. SS. 1985, Conspiracy.

2. Institution/city where violation occurred: Eloy Detention Center, Eloy.

## B. DEFENDANTS

1. Name of first Defendant: Jill Eggleston. The first Defendant is employed as: (Director of Operation, FOIA/PA) (Position and Title) at (National Records Center, Missouri) (Institution).

2. Name of second Defendant: Thompson. The second Defendant is employed as: (Deportation Officer, US DHS) (Position and Title) at (ERO, Phoenix Field Office) (Institution).

3. Name of third Defendant: John Kerry. The third Defendant is employed as: (Former, U.S. Secretary of State,) (Position and Title) at (44th Administrative Regime) (Institution).

4. Name of fourth Defendant: ______. The fourth Defendant is employed as: ______ (Position and Title) at ______ (Institution).

**If you name more than four Defendants, answer the questions listed above for each additional Defendant on a separate page.**

## C. PREVIOUS LAWSUITS

1. Have you filed any other lawsuits while you were a prisoner? ☒ Yes ☐ No

2. If yes, how many lawsuits have you filed? 28. Describe the previous lawsuits:

   a. First prior lawsuit:
      1. Parties: Ibeabuchi v. Palmer
      2. Court and case number: D. Nev. NO. 3:06 CV00280 (D. Nev. May 16, 2006.
      3. Result: (Was the case dismissed? Was it appealed? Is it still pending?) Dismissed for equitable laches for the State. Inculpating Brady Pretrial Discoveries.)

   b. Second prior lawsuit:
      1. Parties: Ibeabuchi, Ikemefula Charles v. David Z. Chesnoff, et al
      2. Court and case number: Eighth Judicial District Court, Nevada, No. A517292
      3. Result: (Was the case dismissed? Was it appealed? Is it still pending?) Appealed in SC. NO. 47261, Affirming in Part, Reversing in Part and Remanding, FEB 08 2007)

   c. Third prior lawsuit:
      1. Parties: Ibeabuchi, Ikemefula Charles v. Sabinus A. Megwa
      2. Court and case number: Maricopa County Superior Court, No. CV2014-013259
      3. Result: (Was the case dismissed? Was it appealed? Is it still pending?) Appealed, 1CA-CV15-0537, and still pending as CV2017-011312 (Hon. Margaret Mahoney, Judge)

**If you filed more than three lawsuits, answer the questions listed above for each additional lawsuit on a separate page.**

d. Fourth prior lawsuit.
1. Parties: State of Arizona V. Ikemefula Charles Ibeabuchi
2. Court and Case number: Court of Appeals of Arizona, No. 1CA-CR16-0542
3. Result: (Appealed as Probation Sentence? Affirmed, 11/21/2017, Petition for Review filed in the Supreme Court of Arizona (CR-17-0602-PR)

e. Fifth prior lawsuit
1. Parties: Ibeabuchi, Ikemefula Charles V. Sheriff, Paul Penzone
2. Court and Case number: Maricopa County Superior Ct. No. CV2017-010251
3. Result: (Still pending, Due Process, "PINK" Receipt, denied by officers)

f. Sixth prior lawsuit.
1. Parties: Ibeabuchi, Ikemefula Charles V. Commissioner, John R. Doody
2. Court and Case number: Maricopa County Sup. Ct. No. CV2017-011311
3. Result: (Still pending, Declaratory Judgment, Petition to Revoke Probation ineligible offense)

g. Seventh prior lawsuit.
1. Parties: Ibeabuchi, Ikemefula Charles V. Judge James Blomo
2. Court and Case number: Maricopa County Sup. Ct. No. CV2017-011312
3. Result: (Still pending, Intentional Tort, Declining a Request for Discharge of power of Attorney.)

h. Eighth prior lawsuit
1. Parties: Ibeabuchi, Ikemefula Charles V. Sheriff, Paul Penzone
2. Court and Case number: Maricopa County Sup. Ct. No. CV2017-009743
3. Result: Cordered dismissed without prejudice, 1/22/2018, District Judge James A. Teilborg, CV-17-3014-PHX-JAT-JZB, and in pertinent

"The docket shall reflect that the Court certifies, pursuant to 28 U.S.C §§ 1915 (a)(3) and Federal Rules of Appellate Procedure 24(a)(3)(A), that any appeal of this decision would not be taken in good-faith.")

i. Ninth prior lawsuit
1. Parties: Ibeabuchi, Ikemefula Charles V. Sheriff, Paul Penzone
2. Court and Case number: Maricopa County Sup. Ct. No. CV2017-011691
3. Result: (Still pending in this Honorable Court as, CV-17-3154-PHX-JAT--JZB, ORDER, First Amended Complaint, 11/07/2017)

j. Tenth prior lawsuit
1. Parties: Ibeabuchi, Ikemefula Charles V. Maricopa County Court Comm.
2. Court and Case number: Maricopa County Sup. Ct. No. CV2017-011808
3. Result: (Still pending, unclassified Civil, 195 (b) Amendment of Birth Certificate.)

K. Eleventh prior lawsuit.
1. Parties: Ibeabuchi, Ikemefula Charles V. Governor Doug Ducey, et al.
2. Court and Case number: Maricopa County Sup. Ct. No. CV2017-012589
3. Result: (Still pending on Appeal, 1CA-CV18-0001)

l. Twelveth prior lawsuit
1. Parties: Ibeabuchi, Ikemefula Charles V. Sheriff, Paul Penzone, et al.
2. Court and Case number: Maricopa County Sup. Ct. No. CV2017-012564
3. Result: (Still pending in this Honorable Court as, CV-17-3621-PHX-JAT--JZB) ORDER, First Amended Complaint, 1/22/2018

M. Thirteenth prior lawsuit

1. Parties: Ibeabuchi, Ikemefula Charles V. Sheriff, Paul Penzone, et al.

2. Court and Case number: Maricopa County Sup. Ct. No. CV2017-013370

3. Result: (Still pending in this Honorable Court as, CV-17-3912-PHX-JAT--JZB 130 CONTRACTS: Fraud.)

N. Fourteenth prior lawsuit.

1. Parties: Ibeabuchi, Ikemefula Charles V. Sheriff, Paul Penzone, et al.

2. Court and Case number: Maricopa County Sup. Ct. No. CV2017-012733

3. Result: (Still pending in this Honorable Court as, CV-17-3911-PHX-JAT--JZB) ORDER, first Amended Complaint, 1/18/2018

O. Fifteenth prior lawsuit.

1. Parties: Ibeabuchi, Ikemefula Charles V. Penzone, House, Tamara

2. Court and Case number: United States District Court; No. CV-17-4225-PHX-JAT--JZB

3. Result: (Still pending in this Honorable Court) PARTY'S First Amended Nov 29 2017, at-law.

P. Sixteenth prior lawsuit

1. Parties: Ibeabuchi, Ikemefula Charles V. Officer Banick, et al.

2. Court and Case number: United States Dist. Court No. CV-17-4577-PHX-JAT--JZB

3. Result: (Still pending in this Honorable Court) Failure to follow Rules

Q. Seventeenth prior lawsuit.

1. Parties: Ibeabuchi, Ikemefula Charles V. Amy M. Wood, Clerk

2. Court and Case number: United States Dist. Ct. No. CV-17-4593-PHX-

-JAT--JZB

3. Result: (Still pending in this Honorable court) Property

r. Eighteenth prior lawsuit

1. Parties; Ibeabuchi, Ikemefula Charles V. Janet Johnson, Clerk

2. Court and Case number: United States Dist. Ct. No. CV-17-4649-PHX-JAT--JZB

3. Result: (Still pending in this Honorable Court) Property.

S. Nineteenth prior lawsuit

1. Parties: Ibeabuchi, Ikemefula Charles V. Eggleston, Thompson, Kerry

2. Court and Case number: United States Dist. Court. No. CV-17-4750-PHX--JAT--JZB

3. Result: (Still pending in this Honorable Court) Property, Excessive Force by an Officer; Excessive Force by an Officer

V. Twentieth prior lawsuit

1. Parties: Ibeabuchi, Ikemefula Charles V. Mikel Steinfeld

2. Court and Case number: United States District Ct. No. CV-17-4808-PHX--JAT--JZB

3. Result: (Ordered dismissed for failure to state a claim)

W. Twenty-first prior lawsuit

1. Parties: Ibeabuchi, Ikemefula Charles V. Inmate Legal Services, et al

2. Court and Case number: United States District Ct. No. CV-18-00072-PHX-JAT--JZB

3. Result: (Still pending in this Honorable Court) Access to the Court

V. Twenty-Secondth prior lawsuit

1. Parties: Ibeabuchi, Ikemefula Charles V. C.J. Samuel A. Thumma.

2. Court and Case number: United States Dist. Court. No. CV-18-00111-PHX-JAT--JZB

3. Result: (Still pending in this Honorable Court) Access to the Court

W. Twenty-thirdth prior lawsuit

1. Parties: Ibeabuchi, Ikemefula Charles V. Barker, PA-C CH038

2. Court and Case number: United States Dist. Ct. No. CV-18-00113-PHX JAT--JZB

3. Result: (Still pending in this Honorable Court) Medical Care

X. Twenty-Fourth prior lawsuit

1. Parties: Ibeabuchi, Ikemefula Charles V. Jail Commander, Vail

2. Court and Case number: United State Dist. Ct. No. CV-18-00157-PHX-JAT--JZB

3. Result: (Still pending in this Honorable Court) Excessive Force of an Officer.

Y. Twenty-fifth prior lawsuit

1. Parties: Ibeabuchi, Ikemefula Charles V. Charles L. Ryan, Director

2. Court and Case number: United State Dist. Ct. NO. CV-18-00238-PHX-SPL--JZB

3. Result: (Ordered, first Amended, for In Personam Jurisdiction) SS 2254. Custody, Invalidation and Expungement of Sentence 5/14/2003

Z. Twenty-Sixth prior lawsuit

1. Parties: Ibeabuchi, Kemefula Charles V. Charles L. Ryan, Director.
2. Court and Case number: United States Dist. Ct. No. CV-18-00399-PHX--SPL--JZB
3. Result: (Ordered, First Amended, for In-Personam Jurisdiction) SS. 2254, Custody. (Waiver of Right to Counsel, Order after Judgment)

Z^n. Twenty-Seventh prior lawsuit

1. Parties: Ibeabuchi, Ikemefula Charles V. Hon. John R. Doody Comm.
2. Court and Case number: Maricopa County Sup. Ct. No. LC2018-000068--01, SPECIAL ACTION.
3. Result (Still pending in the Superior Court) (Denial of waiver of right to Counsel)

Z^m Twenty-Eighth prior lawsuit

1. Parties: Ibeabuchi, Ikemefula Charles V. Sheriff, Paul Penzone
2. Court and Case number: United States Dist. Ct. No. CV-18-00829-PHX-SPL--JZB
3. Result: (Still pending in this Honorable Court) Mail (Mail Forwarding)

## D. CAUSE OF ACTION

### COUNT I

1. State the constitutional or other federal civil right that was violated: 42 U.S.C. SS. 1983, Deprivation of Rights in Constitutional Amendments, I, IV, XIV.

2. **Count I**. Identify the issue involved. Check **only one**. State additional issues in separate counts.
   - ☐ Basic necessities ☐ Mail ☐ Access to the court ☐ Medical care
   - ☐ Disciplinary proceedings ☒ Property ☐ Exercise of religion ☐ Retaliation
   - ☐ Excessive force by an officer ☐ Threat to safety ☐ Other: ______________.

3. **Supporting Facts.** State as briefly as possible the FACTS supporting Count I. Describe exactly what **each Defendant** did or did not do that violated your rights. State the facts clearly in your own words without citing legal authority or arguments.

Defendant Eggleston's failure to accord Plaintiff, his Complete Record on Request, and as an Officer, deprived the Plaintiff's federal rights, privileges or immunities, which Caused Plaintiff, the damage of loss of Property.

Plaintiff was the Requester of Record, pertaining to his A-File, Which Contained, Internal Revenue Service' Audit, in his Behalf, on May 13, 2004, against, third-parties, Wells Fargo, N.A., Bank of America, Cedric Kushner and Cedric Kushner Promotions, at-law.

4. **Injury.** State how you were injured by the actions or inactions of the Defendant(s).

Defendant's action of incomplete transfer of Record to Plaintiff, Caused Plaintiff's imprisonment due to lack of funds to retain Defense Counsel.

5. **Administrative Remedies:**
   a. Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution? ☒ Yes ☐ No
   b. Did you submit a request for administrative relief on Count I? ☒ Yes ☐ No
   c. Did you appeal your request for relief on Count I to the highest level? ☐ Yes ☐ No
   d. If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not. Plaintiff was released from Eloy Detention Center, inter-alia the Grievance Process.

The Court's Order vehemently denied the direct applicability of receiving Records from FOIA/PA (see, Order at Page 4) by the Plaintiff. Plaintiff was the Subject and the Requester of Records, (A-File) from the USDHS/FOIA-PA, through a Notarized "(Immigration Form-656)" in, April 2015.

The only, other, scenario remaining, according to the Footnote of the Court's Order at page 4, would be, upon the proof of death of the Plaintiff, herein; the, listed third-parties, in, Wells Fargo NA, Bank of America, Cedric Kushner and Cedric Kushner Promotions would seek Records determined, to be releasable under FOIA.

Because the apposite and axiomatic Consent

required of the Subject, was the quashing of the Summons issued against the third parties, in May 2004. Unfortunately, the inherent knowledge to do same was not there, nor, did the third-parties indicate their absolute wish, therein, to the Subject. Accordingly, Plaintiff is entitled to the Discovery, as found in the 84-pages, withheld, on Pretense by the Agent, Jill Eggleston, upon the granting, partial Receipt of the Subject's, A-File, at-law, (without the Court's Order to reframe Complaint.)

Should this Honorable Court, demand the Information, herein, to name Defendants, as FOIA /PA, or National Records Center, it should issue another Order, to accomodate the Agency, at-law.

It was the agent, Jill Eggleston's, Opinion that, the Plaintiff was not entitled to his Freedom of Information and Privacy Act, Information, and/or, that the Plaintiff, herein, the Requester of Records, was not the Subject, of required Consent, at-law, (whose, Conclusion was invective and opprobrious to the Plaintiff's, UNITED STATES OF AMERICA VISA O41141355, issued to Surname, "IBEABUCHI," Givenname, "IKEMEFULA CHARLES," in Lagos, Nigeria on, August 13, 1993, (B1/B2) at-law) and which made her liable and not the Agency.

Which perforce commands the Plaintiff's Identity in the United States of America, and propriety of an International Person on, Departure.

(See, page 100 of the Received, A-File, which references Departure Card I-94, April 14 2015, "4/14/2015" as the impression of the USCIS' Expungement of April 1, 2015.)

Even, if the doubt, as to the Subject, were feasible, Plaintiff's, renewed (expired) Alien Resident Card, of A70-675261, in, "Ikemefula Charles Ibeabuchi" of 2006, to, Alien Resident Card of 2B041654108362 in "IBEABUCHI, IKEMEFULA CHARLES" had paralleled the Subject's identification, since, 1996, when Plaintiff first became Permanent Resident of this Country.

Thus, the "Hubris of Hindsight" is eliminated on the Agent Eggleston's failure to accord receptivity to the Plaintiff, of this Civil Right Complaint, of his 84-page Documents, at-law.

Further, the unchartered misinterpretation as to the Authority possessed by the United States Department of Homeland Security, (as referenced of the Court's Order at, footnote 1, page 3,) is distinguishable from the United States Citizenship and Immigration Services, for issuance of Legal Status, which contained the Officiation of Freedom Of Information and Privacy Act.

By, 2015, the Records of FOIA/PA, were kept by USCIS and not DHS, which wise, why, Ms. Eggleston informed the Detainee/Requester, Plaintiff, herein, to seek the remaining 84-page, 83-page, of, from the U.S. DHS, at the discretion, therein. The National Records Center is maintained by USCIS and not DHS. (Citing, Plaintiff's, Confirmation Numbers for

his approved FOIA/PA Request in 2015, at-law.)

Accordingly, the former Immigration and Naturalization Services (INS) Should be the United States Citizenship and Immigration Services [USCIS) For the Authority which invariably were intimated to the Department of Homeland Security (DHS) of the Court's Order.

Plaintiff's, Signature is the only nexus, affirming the Subject's Identity, and the Requested Record, did not need any other Consent of any other Individuals before Release under FOIA. And this Court has the Jurisdiction to Subpoena all Records of the Plaintiff or, Subject in the disputed Proof, therein, at-law.

Plaintiff had proven (1) Citizenship (2) Subject (3) Third-parties and, J4) Jurisdiction to this

Court, respectively, of the Court's Order, and which should Suffice a disposition, as this Matter was not a Subject of FOIA Administrative Appeal, but for Judicial Review on a Partially Received Record, which can be disposed by Court Order, herein.

Plaintiff Contends that, Director of Operation, Ms. Eggleston, by processment of Plaintiff's Request, issued the Plaintiff's, FOIA/PA, A-File, for his intended "Show Cause" in his tentative Immigration Hearing, Only, in Partial Receipt. And, operationally, She is liable and not the Agency, for her Decision to limit transmission of Records, lawfully belonging to the Plaintiff, essentially, at-law. Amendatory Discovery was also made on the Partial Record

Received.

On, April 1, 2005, the Record disclosed that a California Based Immigration, Attorney by name as Frank Ronzio, was granted permission,(to review the Record of the Plaintiff, after the IRS TAX Audit of 2004) by the Department of Homeland Security, which was made readily available to him, by the fact of his fraudulent Misrepresentation, and signing the Plaintiff's signature, as the Fiduciary, therein.

Albeit this Discovery, Plaintiff is entitled as the Subject to his Freedom of Information Act and Privacy Act, Information as requested, at-law, from this Court, under Judicial Review.

**COUNT II**

1. State the constitutional or other federal civil right that was violated: 42 USC. SS. 1983 Deprivation of Equal Protection, US Constitution Amendment XIV.

2. **Count II.** Identify the issue involved. Check **only one**. State additional issues in separate counts.
☐ Basic necessities ☐ Mail ☐ Access to the court ☐ Medical care
☐ Disciplinary proceedings ☐ Property ☐ Exercise of religion ☐ Retaliation
☒ Excessive force by an officer ☐ Threat to safety ☐ Other: ______.

3. **Supporting Facts.** State as briefly as possible the FACTS supporting Count II. Describe exactly what **each Defendant** did or did not do that violated your rights. State the facts clearly in your own words without citing legal authority or arguments.

Defendant Thompson's deliberate indifference in denying Plaintiff's Legal Status, accorded to Plaintiff as a Citizen of the United States Since, March 23, 2016, (while, he were a Deportation Officer) discriminated the Plaintiff's Record on file, Received by his Office on February 28, 2003, from Connie Casillas, Arizona Probation, Adult Probation, (Citing, The attached, Forms, INS and DHS, rebutting, Order at page, 7.) Plaintiff's imprisonment was unconstitutional to his Replaced, Alien Resident Card No. 2B041654108362, (expiring in, 2026) by USCIS/DHS and thereby, a discrimination to the Derivative Class of Immigrant.

4. **Injury.** State how you were injured by the actions or inactions of the Defendant(s).

Defendants failure to voluntarily update the Immigration Records, about Plaintiff, Caused Injury of Imprisonment to the Class of Invalidated Sentence

5. **Administrative Remedies.**
   a. Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution? ☒ Yes ☐ No
   b. Did you submit a request for administrative relief on Count II? ☒ Yes ☐ No
   c. Did you appeal your request for relief on Count II to the highest level? ☒ Yes ☐ No
   d. If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not. Plaintiff was released from Eloy Detention Center, inter-alia the Grievance Process, to improve his Legal Status granted April 1 2015

The Court's Order at page 7, C. Excessive Force references, and at Footnote (4), that, "Plaintiff appears to mistakenly believe that biometrics processing and awaiting a Citizenship Interview affords him Citizenship status."

Definitely, Plaintiff had Crossed the Declarative Measure, at this stage, which is essentially, in determining, Intended Citizenship or Nationality, at-law. (See, Form, N-600, for Declaration, which the Plaintiff also submitted in the Process, en-route, his Biometrics Captured on, March 23, 2016, and awaiting Civic test Interview and Swearing-in, Ceremony, in nine months, thereafter)

Therefore, Plaintiff is a Citizen of the United States of America by the Principle of the Moment, at this time, at-law, and non sequitur to the footnote at (4).

"4-A"

Plaintiff, respectfully, denies of whose attention, the Judge of this Matter, in Senior Judge, Teilborg, seeks, in his deferrance to the Plaintiff's, Citizenship Status, at this time, at-law. Definitely, not the President of the United States, nor, the Speaker of the House, nor, the Chief Justice of the Supreme Court, to help in this Matter, as it has become debatable in the Context of the Plaintiff's Citizenship, and of the Record.

Plaintiff's, Old Country is a matter of the past. The new Country is now, and Plaintiff; obligingly, submits to the Record and File, at-law and Order, which make available this Notion, to him, and thereby, transfer Jurisdiction to this Court for the Adjudication of the Matter, herein, instead. (Citing, The NBC* 0065... Granted) "4-B"

Plaintiff, also, encloses a File-Record of "Request to Update" to Defendant, Thompson, (which the Facility of Cook Unit Resource Library, declined to Copy) (to enable Plaintiff to make Duplicate for Mailing) as such, this Request was never sent to the Defendant, at-law. (See, 6-pages, REQT, Code, with FORMS)

Plaintiff, also, encloses a File-Record of the Arrest Warrant of October 5, 2016, which was a falsified Document of the Plaintiff's Original Conditions of Probation signed! "5/9/2003" allegedly or, purportedly, Submitted by Probation Officer Catherine Swalwell, which caused the Arrest of Plaintiff.

Defendant, Thompson's, Excessive Force, in Count II of this Complaint, is Clearly ostensible, in that,

(See, Court's Order at page 9, "...that, Plaintiff does not describe the Circumstances surrounding his arrest..., Plaintiff fails to state a claim in Counts II or III for use of excessive force.") he should had Known that, the Plaintiff was at double jeopardy with the Arrest and/or, that the Arresting Document was fabricated, and that, the Arrest of the Plaintiff, at gun-point, Constituted excessive force, which made him liable as charged. Whether as an, Accessory before the Fact or, Accessory after the Fact, he, the Defendant, Thompson, deprived Plaintiff the federal rights, privilege and immunity and Caused him Damage to Imprisonment, by an excessive force by an Officer, at-law

REQT

IBEABUCHI, IKEMEFULA CHARLES
Arizona Department Of Corrections
Inmate 177007
Arizona State Prison, Eyman Complex,
Cook Unit, 6B 19U
P.O. Box 3200
Florence, Arizona, 85132-3200

June 2018

U.S. DEPARTMENT OF JUSTICE
IMMIGRATION AND NATURALIZATION SERVICE
(United States Citizenship and Immigration Service)
U.S. Immigration Investigations
FAX: (602), TELE: (602) 379-3116
Or,
U.S. DEPARTMENT OF HOMELAND SECURITY
PHOENIX, AZ, DOCKET CONTROL OFFICE
ERO Phoenix Field office
2035 N CENTRAL AVE
PHOENIX, AZ 85004
TELE: (602) 257-5900

G 6641 THOMPSON - Deportation Officer,

In re: Request to update, Record of Form 1100-240-R1-99, attached as exhibit, herein, and For DHS Form I-247D (5/15), issued by you on, October 5, 2016

"4-E"

On, December 26, 2017, Appellant received his Record on Appeal, ASC NO. CR17-0602-PR, from the Office of the Maricopa County Public Defender's Of Appellate Division, and discovered an existing, NOTIFICATION OF CRIMINAL ALIEN BY PROBATION AGENCIES Form 1100-240 R1-99, faxed on, 2-28-03, by Adult Probation Officer, Connie Casillas to the, then, U.S. Immigration Investigations or, rather, to your Office.

Therefore, the granted and processed, Citizen of the United States of America on, March 23, 2016, would like to request a, Voluntary Action, in-accordance with the DHS Form I-247D (5/15), (received from Disclosure by Defendant, Sheriff Paul Penzone, Sheriff of the Maricopa County of Arizona, in the Case, No. CV2017-010251, unserved to the Inmate-subject, as a matter of law, since October 5, 2016) and for the following Update Information to ALIEN INFORMATION, therein.

USCIS#: 070675261 ARC.NO. 2B0416541083362

1. Booking Name IBEABUCHI, IKEMEFULA CHARLES
(Last Name) (First Name) (Middle Name)

2. SSN No: 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

3. Mother's Complete Name: Patricia U(Nledo) Ibeabuchi

4. Father's Complete Name: Stephen Ojukwu Ibeabuchi

5. Booking Date of Birth: 02-02-73

6. Country of Birth: Nigeria

7. INS "A" Number, if known: 2B041654108362

8. FBI No.: 308974FB3

9. State ID Number: AZ 13645639

10. Booking/Arrest No. A858824; T277334; T262242; T308156 (9/24/02; 4/7/16; 6/6/16; 10/5/16)

11. Custody Location: Arizona State Prison, Eyman Complex, Cook Unit, 6B-19U, Florence, Arizona

12. Case No: CR1999-95310, DR No.: 98-08368 GILA.PD Gilbert Police Department

13. Codefendant(s)

14. Charge(s) Ct.I: Attempted Sexual Assault, a Class 3 Felony, Ct.III: Sexual Abuse, A Class 5 Felony

15. Disposition: ( ) Date of Sentence: May 14 2003, filed

PRIOR DEPORT (if known): (.) No

If not in Jail, Present Address Incarcerated in Arizona as stated in II. Custody Location

Sentencing Info: Booking/Arrest No. A858824 See, attached Seven (7) Pages, filed on MAY 14 2003 and Composite Booking for 10/5/2016, False Document.

On, the (FOR IMMIGRATION USE ONLY) Inmate, herein, respectfully submits the INS Status: LEGAL (.)

(.) A detainer has been placed by INS (DHS) as, attached hereby, accordingly for exhibit of Review.

(.) Subject was ordered Removed to Nigeria on October 4, 2004

(.) Subject was deported on, October 4, 2004 thru April 1, 2015

(.) Subject is a U.S. Citizen by naturalization or deri-

vation. No action will be taken by INS.
(·) Subject is a Legal Permanent Resident and not amenable to deportation at this time. Please return this FAX after Court appearance and provide final Charge (s), judgment and sentencing information.
(·) Subject turned over to INS Custody on February 28, 2014. Subject released from INS for the following reason(s): Expungement, of April 1, 2015, Approval of I-325 Form, by USCIS (For Renewal of Status)

For the above reasons, Imprisonment of the Subject Violated the United States Constitution and the Arizona State Constitution (See, U.S. Const. Amends, I, V, VIII, XIII and XIV; And, Ariz Const. Art. II Sec 25) Which require the immediate release of the Subject from Prison, at-law.

And, if this were a transfer by DHS, pursuant to a proceeding or investigation of diversion or quarter assignments, please advise the Subject, herein, now, as there were no reason to validate the Torture, he faces everyday in Prison.

Respectfully,

Ceula (Ibeabuchi)
Signature of Subject.

CC/File:

Enclosures: Form 1100-240 R1-99, requiring Update and, DHS Form I-247D (5/15) as issued by you on October 5, 2016, on Arrest. Seven (7) page, Sentence Information filed MAY 14 2003, and Three (3) Page, False Document, to Arrest of 10/5/2016, "Original Conditions Signed: 5/9/2003"

## VERIFICATION AND DECLARATION

The Subject, IBEABUCHI, IKEMEFULA CHARLES, herein, verifies and also declares that, the foregoing Request is made to the best Knowledge of His, and attested to the pains and penalties of perjury, pursuant to the Affirmative Act, in 42 U.S.C.S. ss. 1746 and to the Face Act, 28 U.S.C.S. ss. 1746, respectively, at-law, and dated this ______ day of July, 2018

Ceula. (Ibeabuchi-)

Signature of the Subject

Inmate in "Pro se" or "Pro Per", status, at-law.

CC: DHS/ICE/ERO, Field Director, Phoenix

**U.S. DEPARTMENT OF JUSTICE**
**IMMIGRATION AND NATURALIZATION SERVICE**

## Notification of Criminal Alien by Probation Agencies

Please forward your request as soon as you receive your case to U.S. Immigration Investigations
FAX: (602) 379-3133 TELE: (602) 379-3116

Maricopa County Adult Probation Department

**APO Officer's Name** Connie Casillas SEF **Officer's Fax#.** 602-506-5381
(Responses will be provided via FAX ONLY)

**ALIEN INFORMATION**

**INS A#:** A070675261 (Please refer to this Alien Registration Number on all queries concerning this subject)

1. **Booking Name** IBeabuchi (Last Name)
   Ikemefula (First Name)
2. **SSN No:** 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
3. **Mother's Complete Name** Patricia IBeabuchi
4. **Father's Complete Name** Stephen IBeabuchi
5. **Booking Date of Birth:** 02-02-73
6. **Country of Birth:** NiGeria
7. **INS "A" Number, if known:** A070675261
8. **FBI No.:** 308974FB3
9. **State ID Number:** AZ 13645639

**PRIOR DEPORT** (if known): ( ) yes ( ) No

10. **Booking/Arrest No.** A858824
11. **Custody Location:** ____________
12. **Case No: CR** 2002-95310
13. **Codefendant(s)** ____________
14. **Charge(s)** Ct I: Attempted sexual Assault, a class 3 felony
    Count III: Sexual Abuse, A class 5 felony
15. **Disposition:**

( ) Booked
( ) Released O/R
( ) Bond Out
( ) Awaiting Sentence
( ) Serving Sentence
( ) Probation
( ) Jail ( ) Prison
( ) Date of Sentence: ____________

**Sentencing Info:**

**If not in Jail, Present Address**
Incarcerated Nevada

**(FOR IMMIGRATION USE ONLY)**

**INS Status:** LEGAL ( ) ILLEGAL ( ) UNABLE TO DETERMINE BASED ON INFO PROVIDED ( )

( ) A detainer has been placed by INS. ( ) An INS detainer will not be placed at this time.
( ) Subject was granted a Voluntary Return (VR) to Mexico on ____________.
( ) Subject was deported on ____________ thru ____________.
( ) Subject is a U. S. Citizen by birth, naturalization or derivation. No action will be taken by INS.
( ) Subject is a Legal Permanent Resident and not amenable to deportation at this time. Please return this FAX after court appearance and provide final charge(s), judgment and sentencing information.
( ) Subject may be amenable to deportation but is not in custody. Return this FAX if subject is taken into custody (jail/prison) after court appearance/sentencing. An INS detainer will be placed at this time.
( ) Subject appears to be a prior deport/aggravated felon. Please provide subject's current address.
( ) Subject turned over to INS custody on ____________. Subject released from INS for the following reason(s):

1100-240 R1-99 "4-K" faxed 2-28-03

DEPARTMENT OF HOMELAND SECURITY (DHS)

# IMMIGRATION DETAINER – REQUEST FOR VOLUNTARY ACTION

Subject ID: 356962517
Event #: PHO1710000165

T308156

File No: 070 675 261
Date: October 5, 2016

TO: (Name and Title of Institution - OR Any Subsequent Law Enforcement Agency) MARICOPA COUNTY JAIL
201 SOUTH 4TH AVE.
PHOENIX, AZ 85003

FROM: (DHS Office Address)
PHOENIX, AZ, DOCKET CONTROL OFFICE
ERO Phoenix Field Office
2035 N CENTRAL AVE
PHOENIX, AZ 85004

Name of Subject: IBEABUCHI, IKEMEFULA CHARLES

Date of Birth: [redacted] Citizenship: NIGERIA Sex: M

**1. DHS HAS DETERMINED THAT** *(mark at least one option in subsection A and one option in subsection B, or skip to section 2):*

**A. THE SUBJECT IS AN IMMIGRATION ENFORCEMENT PRIORITY BECAUSE HE/SHE:** Inmate #: T308156

- ☐ has engaged in or is suspected of terrorism or espionage, or otherwise poses a danger to national security;
- ☐ has been convicted of an offense of which an element was active participation in a criminal street gang, as defined in 18 U.S.C. § 521(a), or is at least 16 years old and intentionally participated in an organized criminal gang to further its illegal activities;
- ☒ has been convicted of an offense classified as a felony, other than a state or local offense for which an essential element was the alien's immigration status;
- ☒ has been convicted of an aggravated felony, as defined under 8 U.S.C. § 1101(a)(43) at the time of conviction;
- ☐ has been convicted of a "significant misdemeanor," as defined under DHS policy; and/or
- ☐ has been convicted of 3 or more misdemeanors, not including minor traffic offenses and state or local offenses for which immigration status was an essential element, provided the offenses arise out of 3 separate incidents.

**B. PROBABLE CAUSE EXISTS THAT THE SUBJECT IS A REMOVABLE ALIEN. THIS DETERMINATION IS BASED ON:**

- ☒ a final order of removal against the subject;
- ☐ the pendency of ongoing removal proceedings against the subject;
- ☐ biometric confirmation of the subject's identity and a records check of federal databases that affirmatively indicate, by themselves or in addition to other reliable information, that the subject either lacks immigration status or notwithstanding such status is removable under U.S. immigration law; and/or
- ☐ statements made voluntarily by the subject to an immigration officer and/or other reliable evidence that affirmatively indicate the subject either lacks immigration status or notwithstanding such status is removable under U.S. immigration law.

**2. DHS TRANSFERRED THE SUBJECT TO YOUR CUSTODY FOR A PROCEEDING OR INVESTIGATION.**

- ☐ Upon completion of the proceeding or investigation for which the subject was transferred to your custody, DHS intends to resume custody of the subject to complete processing.

**IT IS THEREFORE REQUESTED THAT YOU:**

- Serve a copy of this form on the subject and maintain custody of him/her for a period NOT TO EXCEED 48 HOURS beyond the time when he/she would otherwise have been released from your custody to allow DHS to assume custody. **This request takes effect only if you serve a copy of this form on the subject, and it does not request or authorize that you hold the subject beyond 48 hours. This request arises from DHS authorities and should not impact decisions about the subject's bail, rehabilitation, parole, release, diversion, custody classification, work, quarter assignments, or other matters.**
- As early as possible prior to the time you otherwise would release the subject, please notify DHS by calling ☒U.S. Immigration and Customs Enforcement (ICE) or ☐U.S. Customs and Border Protection (CBP) at 602-257-5900. If you cannot reach an official at the number(s) provided, please contact the Law Enforcement Support Center at: (802) 872-6020.
- Notify this office in the event of the subject's death, hospitalization or transfer to another institution.

☐ If checked: Please cancel the detainer related to this subject previously submitted to you on ______ (date).

G 6641 THOMPSON - Deportation Officer
(Name and title of Immigration Officer)

(Signature of Immigration Officer)

**Notice:** If the subject is taken into DHS custody, he or she may be removed from the United States. If the subject may be the victim of a crime or you want the subject to remain in the United States for a law enforcement purpose, please notify the ICE Law Enforcement Support Center at (802) 872-6020. You may also call this number if you have any other questions or concerns about this matter.

**TO BE COMPLETED BY THE LAW ENFORCEMENT AGENCY CURRENTLY HOLDING THE SUBJECT OF THIS NOTICE:**

Please provide the information below, sign, and return to DHS by mailing, emailing, or faxing a copy to ______.

Local Booking/Inmate #: ______ Est. release date/time: ______ Date of latest criminal charge/conviction: ______

Latest offense charged/convicted: ______

This Form I-247D was served upon the subject on ______, in the following manner:

☐ in person ☐ by inmate mail delivery ☐ other (please specify): ______

(Name and title of Officer) (Signature of Officer)



"4-L"

SUPERIOR COURT OF ARIZONA
MARICOPA COUNTY

CR 1999-095310 05/09/2003

HON. MARK F. ACETO

CLERK OF THE COURT
T. Gatz
Deputy

FILED: MAY 14 2003

STATE OF ARIZONA

SUZANNE E WILSON

v.

IKEMEFULA CHARLES IBEABUCHI
DOB: 02/02/1973

BRIAN F RUSSO

APO-SENTENCINGS-SE
APPEALS-SE
DISPOSITION CLERK-SE
MCSO-ATTN RECORDS MANAGER
RFR
VICTIM SERVICES DIV-CA-SE

SENTENCE - IMPRISONMENT AND PROBATION

| | |
|---|---|
| State's Attorney: | Suzanne Wilson |
| Defendant's Attorney: | Brian Russo |
| Defendant: | Present |
| Court Reporter: | Dana Smith |

The following people spoke on behalf of the Defendant: Sabinus Megwa and Patricia Ibeabuchi.

WAIVER OF TRIAL: The Defendant knowingly, intelligently and voluntarily waived all pertinent constitutional and appellate rights and entered a plea of guilty.

IT IS THE JUDGMENT of the Court Defendant is guilty of the following:

OFFENSE: COUNT 1: (AMENDED) ATTEMPTED SEXUAL ASSAULT
Class 3 felony
A.R.S. § 13-1406, 13-1401, 13-3821, 31-281, 13-701, 13-702, 13-702.01, 13-801 and 13-1001
Date of Offense: 11/10/1998
Non Dangerous - Non Repetitive



"4-M"

SUPERIOR COURT OF ARIZONA
MARICOPA COUNTY

CR 1999-095310 05/09/2003

OFFENSE: COUNT 3: SEXUAL ABUSE
Class 5 felony
A.R.S. § 13-1404, 13-1401, 13-3821, 31-281, 13-701, 13-702 and 13-801
Date of Offense: 11/10/1998
Non Dangerous - Non Repetitive

AS PUNISHMENT, IT IS ORDERED Defendant is sentenced to a term of imprisonment and is committed to the Arizona Department of Corrections as follows:

Count 3: 2 years from 05/09/2003
Presentence Incarceration Credit: 380 days
Aggravated
Sentence is concurrent with other sentences in Nevada.

Community Supervision: Waived pursuant to A.R.S. § 13-603(K), due to the term of probation in CR 1999-095310 count 1.

IT IS ORDERED suspending imposition of sentence and placing Defendant on probation as stated in the Uniform Conditions of Probation.

Count 1 Probation Term: lifetime beginning 05/09/2003.

Conditions of probation include the following:

Condition 16 - Not drink any alcoholic beverage.

Condition 17 - Not have any contact with the victim(s) whatsoever, unless approved in writing by the Adult Probation Department.

Condition 20 - Not remain in or return to the United States illegally if deported or processed through voluntary departure. All conditions except for #1 are suspended while outside the United States.

IT IS ORDERED directing the Clerk of the Superior Court to transmit a certified copy of this minute entry and a copy of the original charging document to the regional office of the United States Immigration and Naturalization Service.

Condition 23 - Restitution, Fines, and Fees:

PROBATION SERVICE FEE: $50.00 per month.



"4-N"

SUPERIOR COURT OF ARIZONA
MARICOPA COUNTY

CR 1999-095310 05/09/2003

Payment shall commence on the first day of the third month upon release from supervision of the Department of Corrections, at not less than $50.00 per month.

All amounts payable through the Clerk of the Superior Court.

Condition 24 - Register as a Sex Offender as defined by law.

Pursuant to A.R.S. § 13-3821(J), notification is made to the Sheriff of Maricopa County, Arizona.

Condition 25 - Abide by the Special Conditions as noted on the attachment to the Terms and Conditions of Probation.

IT IS ORDERED granting the Motion To Dismiss the following: count 2 and the State will not file sex assault charges out of Scottsdale DR # 98-18136.

IT IS ORDERED the Court has no objection to the Defendant being transported back to Nevada immediately.

Count 3: IT IS ORDERED authorizing the Maricopa County Sheriff to deliver Defendant to the Arizona Department of Corrections.

IT IS ORDERED the Clerk of the Superior Court remit to the Arizona Department of Corrections a copy of this order together with all presentence reports, probation violation reports, and medical and psychological reports that are not sealed in this cause relating to the Defendant.

Count 1: IT IS FURTHER ORDERED Defendant be released from custody for this count only.

cc: DOC - Certified Copy via Certification Desk

cc: MCSO-DIS - Certified Copy via Certification Desk



"4-0"

SUPERIOR COURT OF ARIZONA
MARICOPA COUNTY

CLERK OF THE COURT
FORM TH1

Date: 5-09-03

HON. MARK F. ACETO

Deputy

No. CR 99-95310

STATE v. Ibeabuchi

Let the record reflect that the Defendant's thumbprint is permanently affixed to this sentencing order in open court.

(thumbprint)

JUDICIAL OFFICER OF THE SUPERIOR COURT





"4-P"

FILED
5-09-03 @ 11:11 AM
MICHAEL K. JEANES, Clerk
By ________ Deputy

IN THE SUPERIOR COURT OF THE STATE OF ARIZONA
UNIFORM CONDITIONS OF PROBATION

STATE OF ARIZONA
VS.
IBEABUCHI, IKEMEFULA CHARLES

MARICOPA COUNTY / DIVISION: P
CASE / CAUSE: CR9995310

SID # AZ13645639

A.R.S. 13-901.01: ☐ 1st Offense ☐ 2nd Offense
☐ Reinstatement Commencing: ☑ Today's Date ☐ This Date: ________

It is the judgment of this Court the defendant is guilty of:

Count I ATTEMPT TO COMMIT 13-1406 SEXUAL ASSAULT N 3 F

It is ordered suspending imposition of sentence and placing defendant on probation under supervision of the Adult Probation Department (APD) for a period of LIFETIME
☐ year(s) ☐ month(s) from this date ________ under the following conditions:

The defendant shall: (conditions checked also apply)

1. Obey all laws.
2. Not knowingly associate with any person engaged in criminal activity or having a criminal record without the prior written approval of the APD.
3. Report as directed by the APD.
4. Let the APD know where you live and provide safe access. Where you live must be approved by the APD and do not move without permission of the APD.
5. Submit to search and seizure of your person or property by the APD without a search warrant.
6. Not possess or control any firearms, ammunition or deadly weapons as defined in A.R.S. § 13-3101.
7. Not possess or use illegal drugs, toxic vapors, prescription drugs without a valid prescription, or any controlled substances.
8. Not drink any alcoholic beverage to excess.
9. Submit to drug and alcohol testing, as directed by APD.
10. Participate and cooperate in any program of counseling or assistance as directed by APD.
11. Seek, obtain and maintain employment and/or attend school as directed by APD and advise of any change.
12. Not leave the state without written permission of the APD.
13. Waive extradition for any probation revocation proceedings in this matter, pursuant to A.R.S. § 13-901.
14. Provide a sample for DNA testing as defined by law.
15. Abide by and comply with any written directive of the APD to enforce compliance with the conditions of probation.

☑ 16. Not drink any alcoholic beverage.

☑ 17. Not have any contact with the victim(s) whatsoever, unless approved in writing by the APD.

☐ 18. Complete ________ hours of approved community work service at a minimum rate of 20 hours per month beginning at sentencing or as otherwise directed in writing by the APD. ________

☐ 19. Apply for Interstate Compact supervision in the state of ________ and, if accepted, abide by all rules and regulations of the program. Do not proceed to any state prior to acceptance unless a resident of that state, or reporting instructions are received from that state.

☑ 20. Not remain in or return to the United States illegally, if deported or processed through voluntary departure. All conditions except for #1 are suspended while outside the United States.

☐ 21. Be incarcerated in the county jail for ______ ☐ day(s) ☐ month(s) beginning ________ with credit for ________ days served. Upon screening and acceptance, abide by all conditional release program rules. Report to the APD within 72 hours of release.

☐ 22. Be committed to the Arizona Department of Corrections for ________ ☐ month(s) ☐ year(s), with credit for ________ days served. Report to the APD within 72 hours of release.

☑ 23. Abide by the attached Judgment and Orders for Restitution, fines and fees in this case.

☑ 24. Register as a Sex Offender as defined by law.

☑ 25. Abide by the attached Special Conditions of Probation in this case.

☐ 26. Other:

Receipt and Acknowledge: I hereby acknowledge receipt of the conditions of probation and, if applicable, the attached addenda to these conditions. I understand and will comply with the conditions. I understand that a violation of any of the conditions could result in the revocation of my probation and the court may impose sentence upon me in accordance with the law.

| Defendant | Date | Judge of the Superior Court | Date |
|---|---|---|---|
| [signature] | 5/9/03 | [signature] | 5/9/03 |

| Defendant Address | Apt | City | State | Zip | Phone |
|---|---|---|---|---|---|
| JAIL | | Phoenix | AZ | 85003 | |

1100-010 (R 02-02) COURT FILE



664-Q57

**IN THE SUPERIOR COURT OF THE STATE OF ARIZONA**

**JUDGMENT AND ORDERS FOR RESTITUTION, FINES AND FEES**

STATE OF ARIZONA
VS.
IBEABUCHI, IKEMEFULA CHARLES
SID # AZ13645639

MARICOPA COUNTY / DIVISION: P
CASE / CAUSE: 9995310 Count: I
SSN: 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

☐ Reinstatement Commencing ☑ Today's Date ☐ This Date: ____________

Pursuant to Uniform Condition 23 the defendant shall abide by the following judgment and orders of restitution, fines and fees:

| Financial Sanctions | Total | Monthly Payment | Begin Date |
|---|---|---|---|
| ☐ a. Total Restitution Ordered* | | | |
| ☑ b. Probation Service Fee (PSF) | | $50.00 | + |
| ☐ c. Base Fine: ______ Drug: ______ Non-drug | | | |
| ☐ d. Surcharges ______ % = ______ | | | |
| Total Base Fine (add c and d) = | | | |
| ☐ e. Fine (CPP) | | | |
| ☐ f. Reimbursement | | | |
| ☐ g. A.R.S. 31-466 A (Victim Assistance Fund) | | | |
| ☐ h. Interstate Compact Application Fee** | | | |
| ☐ i. A.R.S. 13-811 B (Anti-racketeering Fine) | | | |
| ☐ j. Delinquent Probation Service Fees | | | |
| ☐ k. FARE Assessment | | | |
| ☐ l. A.R.S. 28-1444 (DUI Incarceration Cost) | | | |
| ☐ m. Other: ______ | | | |
| ☐ n. Other: ______ | | | |
| **Mandatory Assessments** | | | |
| ~~o. A.R.S. 12-116 (Time Payment Fee)~~ | ~~$20.00~~ | | |
| ☐ p. Other: ______ | | | |
| ☐ q. Other: ______ | | | |
| ☐ r. Other: ______ | | | |
| Total Mandatory Assessments (add o thru r) = | ~~$20.00~~ | | |
| **Total Monthly Payment** | | $50.00 | |

+ 1st day of 3rd month following VF, release from incarceration.

☐ s. It is ordered credit be given for any monies paid to date, during incarceration and, if necessary, balances be adjusted accordingly. All modified orders are to be considered new orders for billing purposes.

☐ t. Condition(s) # ____________ of previous order dated ________ is/are deleted.

☐ u. Condition(s) # ____________ is/are suspended until further order.

☐ v. Defendant's probation is automatically extended for ______ year(s) ______ month(s) from ________, pursuant to A.R.S. 13-902 B.

☐ w. Restitution has been paid in full through JSL payments. It is ordered that any delinquent or unpaid balance be exonerated/deleted.

**The Court further orders:**

**All previous orders and conditions of the Court, unless otherwise stipulated above, remain in effect.**

* Probation will automatically extended pursuant to A.R.S. 13-902-C if restitution is not paid in full.
**IMPORTANT:** **All victim location information is CONFIDENTIAL.** Only Attach Victim Ledger (APD Form 1100R) to Court File and APD File copies of this document.
Victim payment priority, if any, shall be defined on the Victim Ledger Form.
List all other JSL defendants by full name, cause, and count number:

| JSL Defendant Name(s) | Cause CR | Count # |
|---|---|---|

** Interstate Compact Processing and Application Fee: Only one fee per defendant with entire fee due at time of application.

*** Conditions of Unsupervised Probation: Obey all laws. If the defendant maintains compliance with this condition, probation shall be automatically terminated on: ____________.

Receipt and Acknowledge: I hereby acknowledge receipt of the Judgment and Orders for Restitution, Fines and Fees and understand my financial obligations to the Court and other related parties, and agree to comply with all directives contained therein. See reverse side of this form for payment instructions.

| Defendant | Date | Judge of the Superior Court | Date |
|---|---|---|---|
| [signature] | 5/9/03 | [signature] | 5/9/03 |



"4-R"

THE SUPERIOR COURT OF THE STATE OF ARI[ZONA]
SPECIAL CONDITIONS OF PROBATION

STATE OF ARIZONA
VS.
IKEMEFULA CHARLES IBEABUCHI
SID #: AZ

MARICOPA COUNTY / DIVISION:
CASE / CR: 9995310

Pursuant to Uniform Condition 25 the defendant shall:

☒ **Sex Offender**

1. ~~Do not initiate, establish or maintain contact with any male or female child under the age of 18, including relatives, or attempt to do so, without the prior written approval of the APD. Sign and abide by the APD definition of "no contact."~~
2. Have no contact with victim(s) without prior written approval of the APD.
3. ~~Do not go to or loiter near schools, school yards, parks, playgrounds, arcades, swimming pools or other places primarily used by children under the age of 18, or as deemed inappropriate by the APD, and without the prior written approval of the APD.~~
4. ~~Do not date, socialize, or enter into a sexual relationship with any person who has children under the age of 18 without the prior written approval of the APD.~~
5. At the direction of the APD, attend, actively participate, and remain in sex offender treatment. Authorize therapists to disclose to the Court and the APD information about your progress in treatment.
6. Submit to any program of psychological or physiological assessment at the direction of the APD, including, but not limited to, the penile plethysmograph and/or the polygraph, to assist in treatment, planning and case monitoring.
7. Residence, employment, and education, including any temporary changes, must have the advanced written approval of the APD.
8. Do not travel outside Maricopa County without the advanced written approval of the APD.
9. Abide by any curfew imposed by the APD.
10. Do not possess any sexually stimulating or sexually oriented material, in any form, without the prior written approval of the APD, or patronize any adults-only establishment where such material or entertainment is available.
11. ~~Do not possess children's clothing, toys, games, videos, etc. without prior written approval of the APD.~~
12. Be responsible for your appearance, including the wearing of undergarments and clothing in locations where another person might see you.
13. Do not hitchhike or pick-up hitchhikers.
14. Do not operate a motor vehicle without prior written approval of the APD.
15. Do not use any computer equipment or access the Internet without prior written approval of the APD. If granted use or access, abide by APD computer usage guidelines.

☐ **Domestic Violence**

1. Do not initiate or maintain telephone, correspondence, personal or third party victim contact without prior written approval of the Court or the APD. Do not enter into the premises, travel past or loiter near where the victim resides or works.
2. Avoid all contact with the victim's family unless approved in writing by the APD.
3. Abide by all Court orders, protection orders, directives, divorce decrees and visitation conditions.
4. Participate in and successfully complete domestic violence counseling as directed by the APD.
5. Abide by all treatment program rules, conditions, requirements, and payment of any fees.
6. Authorize therapist to disclose to the Court and the APD information about your attendance and progress in treatment.
7. Immediately report any unapproved contact initiated by the victim to the APD.
8. Immediately report the service of any court, divorce or visitation documents to the APD.
9. Abide by any curfew imposed by the APD.
10. Do not threaten, intimidate or harass any staff of the APD.

☐ **White Collar**

1. Do not incur any additional business or personal financial obligations and/or encumbrances without the prior written approval of the APD.
2. Submit all accounting records, procedures, and internal controls as directed by the APD.
3. Sign release of information forms for all banking, savings, and investment accounts, tax returns, and any other financial information as requested by the APD.
4. Submit copies of tax returns or extension requests to the APD at time of filing.
5. Do not open any checking, savings, investment, or retirement accounts without the prior written approval of the APD.
6. Provide proof of all household income and expenses as directed by the APD.
7. Make monthly restitution payments equal to at least 10% of gross monthly household income.
8. Notify employer of current conviction as directed by the APD.
9. Do not gamble without prior written approval of the APD.

☐ **Mental Illness**

1. Reside in a place as approved by the APD. Do not move from residence without the prior written approval of the APD.
2. Actively participate and cooperate in any residential or outpatient treatment or counseling program, including screenings, as directed by the APD.
3. Take medication as prescribed and report any changes in medication to the APD.
4. Follow instructions of treatment staff.
5. Submit to blood level checks as instructed by treatment staff or the APD.
6. As to Uniform Condition #15, substance abuse treatment can include restriction to residence for the purpose of relapse monitoring at the direction of the APD.
7. Sign Release of Information form(s) at the direction of the APD.

☐ **Gang**

1. Carry Arizona Driver's License or Arizona I.D. Card and provide to law enforcement on request.
2. Submit to search and seizure of person or property by any peace or probation officer with or without a search warrant.
3. Establish residence at a place approved by the APD. Do not live with anyone without prior approval of the APD.
4. Do not appear in court or at any courthouse unless by court order or approved by the APD.
5. Do not visit any school grounds unless registered as a student at the school.
6. Do not associate with any criminal street gang members or individuals specified by the APD.
7. Do not visit any known criminal street gang gathering areas or locations specified by the APD.
8. Do not display criminal street gang signs or gestures.
9. Do not wear, display, use, produce, possess criminal street gang related clothing or paraphernalia.
10. Do not possess graffiti in any form. Do not possess or maintain paints, aerosol spray cans, pens, etching devices or other instruments used to apply graffiti.
11. Do not obtain any tattoos without prior approval of the APD.
12. Abide by any curfew imposed by the APD.

☐ **Drug Court**

1. Participate, cooperate in, and successfully complete the Drug Court Program.
2. a. Pay $20.00 Program Entry Fee within one week of program entry.
   b. Pay $20.00 Weekly Treatment Fee during each week in program.
3. Uniform Condition #23 (probation service fee) is deferred pending a future hearing.
4. ☐ Be incarcerated in the Maricopa County Jail for 120 days as specified at a future hearing.

☐ **DUI Court**

1. Participate, cooperate in, and successfully complete the DUI Court Program.
2. Be incarcerated in the Maricopa County Jail for 60 days as specified at a future hearing.
3. Complete up to 100 hours of approved community service as specified at a future hearing.
4. Pay for the cost of your substance abuse treatment and education.
5. Uniform Condition #23 (other than restitution) is deferred pending a future hearing.

☐ **Intensive Probation**

1. Remain at your place of residence at all times except to go to work, attend school, perform community service or as specifically allowed in each instance by the APD.
2. Perform not less than 40 hours of community service each month. Full-time students may be exempted or required to perform fewer hours of community service. For good cause the Court may reduce the number of community service hours performed to not less than 20 hours each month.
3. Submit all wages to the Intensive Probation Supervision account. These wages are subject to the payment of all Court ordered financial obligations and may be held and/or dispersed as authorized by the APD.
4. Abide by and comply with any written directive of the APD to enforce compliance with IPS program rules and regulations.

☐ **Expedited Probation**

1. Under the following Uniform Conditions of Probation: 1, 3, 4, 6, 10, 15, 18, 23, 25 and 26; all other Uniform Conditions of Probation are suspended until further notice of the Court.

☐ **FARE Probation**

1. Under the following Uniform Conditions of Probation: 1, 3, 4, 6, 15, 18 (if applicable), 23 and 25; all other Uniform Conditions of Probation are suspended until further notice of the Court.

Receipt and Acknowledgment: I hereby acknowledge receipt of the Special Conditions of Probation. I understand and will comply with the conditions. I understand that a violation of any of the conditions could result in the revocation of my probation and the Court may impose sentence upon me in accordance with the law.

[signature] 5/9/03
Defendant / Date

[signature] 5/9/03
Judge of the Superior Court / Date

1100-210 (R 02-02)

White (Original): Court File Yellow: APD File Pink: Defendant

"4-5"

Michael K Jeanes, Clerk of Court
*** Electronically Filed ***
D. Casales, Deputy
10/5/2016 2:31:00 PM
Filing ID 7780243

# SUPERIOR COURT OF THE STATE OF ARIZONA
## MARICOPA COUNTY

| | | | | | |
|---|---|---|---|---|---|
| APO: | Catherine Swalwell, Probation Service Center | | **Cause Number:** | **CR1999095310-001** | |
| ACIC: | Yes | NCIC: Yes | In Custody: | No | Booking #: |
| Prop 302 Finding: | None | | 13-901.01 Offense: | Ineligible | |
| Veteran: | No | | Interpreter: | No | |

**THE STATE OF ARIZONA**

**vs.**

**IBEABUCHI, IKEMEFULA CHARLES**

DOB: 02/02/1973

**Petition To Revoke Probation – Order for Warrant**

The defendant was formally adjudged guilty of the crime of:

**COUNT 1: ATTEMPT TO COMMIT SEXUAL ASSAULT, A CLASS 3 FELONY COMMITTED ON: 11/10/1998**

Original Conditions Signed: 5/9/2003

| **Count #** | | | | | | |
|---|---|---|---|---|---|---|
| 1 | Probation Start: | 5/9/2003 | Life Time | | | Standard |
| 1 | Reinstated | 7/28/2016 | Life Time | From | 5/9/2003 | IPS |

**This officer has reason to believe that the defendant has failed to comply with the following term(s) of probation:**

#21a IPS 3: The defendant did not abide by the agreed upon IPS schedule on 8/8/2016, 9/20/2016, 9/21/2016, 9/28/2016, 10/5/2016.

#21d Sex Offender 1: The defendant did not abide by and comply with APD behavior agreements. Failed to complete the MCAPD Sexual History Questionnaire within 7 days as directed in writing on 8/22/2016. The defendant failed to participate in a staffing at his attorney's office on 09/28/2016 as directed.

Sex Offender 3: Without the prior written approval of the APD, the defendant initiated contact with a child under the age of 18 The defendant remained on the property of his registered address while a minor male child was staying at the residence, within the last 30 days. He failed to report this contact to APD. The defendant did not abide by the APD definitions of "No Contact". The defendant remained on the property of his registered address while a minor male child was staying at the residence within the last 30 days. He failed to report this contact to APD.

Sex Offender 18: The defendant used computer equipment, on August 26, 2016 without the prior written approval of the APD. The defendant was using a laptop without the advance written permission from the APD on 08/26/2016.

**NOTE TO COURT:** The defendant has a lengthy history of violent behaviors and arrests for violent assaults. He is a professional boxer and has acted in a very aggressive manner towards several members of the probation department and local law enforcement. He is very easily agitated and has stated he is not on probation and we have no right to supervise him. He has, at times, refused to fill out his IPS schedule or answer basic questions posed by the probation department. This officer attempted to repair the relationship by setting up a meeting with the defendant's attorney, the defendant and the MCAPD. The defendant refused to participate in this meeting. He also admitted to having unapproved contact with minor children at his residence, despite being directed not to. Due to his failure to comply with his conditions of probation and his uncontrollable anger and aggression towards probation and local law enforcement, this defendant is a danger to the community and the officers that have to supervise him. It is requested that he be non-bondable due to these community risk factors.

**VICTIM STATUS:**

1 Victim(s): The victim has not opted-in for post-conviction notice of probation matters. ( COUNT 1 )



EXHIBIT B

# SUPERIOR COURT OF THE STATE OF ARIZONA
## MARICOPA COUNTY

**EVIDENCE FOR ALLEGED CONDITIONS:**

Testimony of APO/SO Keri Madrid, Phone# (602) 619-9141.

Testimony of APO/SO Jason Westcott, Phone# (602) 540-5402.

Copy of Behavior Agreement & Review and Acknowledgment, dated: 08/02/2016, 08/08/2016, 08/15/2016, 08/22/2016, 08/29/2016, 08/02/2016, 09/06/2016.

Signed Behavior Report, #21 dated 08/08/2016, #21 dated 08/29/2016, #21 dated 09/21/2016, #21, 15 dated 09/28/2016, #21 dated 10/05/2016.

Copy of APETS case entries, related to condition(s) #21.

MCAPD Definitions of No Contact with Minors signed 08/02/2016.

Photo of defendant using the computer on or about 08/26/2016.

I affirm under penalty of perjury that the foregoing is true and correct.

Date: October 5, 2016

Catherine Swalwell
Adult Probation Officer
Phone: (602) 619-3150

---

The Court finds reasonable cause to believe that the probationer has violated a written condition or regulation of probation.
IT IS ORDERED that a warrant for the arrest of the Defendant shall be issued.
Appearance Bond (Secured) set at $1,800.00

Date: October 5, 2016

**John R. Doody**
Judge / Commissioner



"4-U"

No. 18-15222

Charles Ikemefula Ibeabuchi

vs.

Paul Penzone; Catherine Swalwell

ADC 177007, ASP, Eyman

PO Box 3200, Florence AZ 85132

# SUPERIOR COURT OF THE STATE OF ARIZONA
## MARICOPA COUNTY

**Cause Number:** **CR1999095310-001**

**Original Conditions Signed: 5/9/2003**

| | |
|---|---|
| 1 | I will maintain a crime-free lifestyle, by obeying all laws, and not engaging or participating in any criminal activity. |
| 2 | I will not possess or control any stun guns, tasers, firearms, ammunition, deadly, or prohibited weapons as defined in A.R.S. §13-3101. |
| 3 | I will report any contact I have with law enforcement to the APD within 72 (or ____) hours. |
| 4 | I will submit to search and seizure of person and property by the APD without a search warrant. |
| 5 | If deported or processed through voluntary departure, I will not return to the United States without legal authorization during the term of my probation. If I am deported or processed through voluntary departure, all conditions remain in |
| 6 | I will report to the APD within 72 (or __) hours of sentencing, absolute discharge from prison, release from incarceration, or residential treatment and continue to report as directed. I will also keep APD advised of progress |
| 7 | I will provide the APD safe, unrestricted access to my residence and receive prior approval of the APD before changing my residence. I will reside in a residence approved by the APD. |
| 8 | I will request and obtain written permission of the APD prior to leaving the state (___ county). |
| 9 | I may apply for Interstate Compact supervision in the state of ______________ and will not proceed to that state until reporting instructions are received and the APD issues a written travel permit. |
| 10 | I may apply for an Inter-County transfer and will not proceed to that County until APD issues written authorization. |
| 11 | I will actively participate and cooperate in any program of counseling or assistance as determined by APD, or as required by law, given assessment results and/or my behavior. I will sign any release or consent required by the |
| 12 | I will not possess or use illegal drugs or controlled substances and will submit to drug and alcohol testing as directed by the APD. |
| 13 | I will obtain written approval of the APD prior to associating with anyone I know who has a criminal record. I will not knowingly associate with any person engaged in criminal behaviors. |
| 14 | I will seek, obtain, and maintain employment, if legally permitted to do so, and/or attend school according to my case plan with the APD. I will inform the APD of any changes within 72 hours. |
| 15 | I will be financially responsible by paying all restitution, fines, and fees in my case as imposed by the Court. I understand, if I do not pay restitution in full, the Court may extend my probation. |
| 15b | Monthly Probation Service Fee (PSF) (A.R.S. 13-901) |
| 16 | I will not consume or possess any substances containing alcohol. |
| 19 | I will not have any contact with the victim(s) in any form, unless approved in writing by the APD. |
| 21 | I will abide by the attached special conditions of probation: |
| 21a | Intensive Probation |
| 21d | Sex Offender |

Case 2:17-cv-04750-JAT-JZB Document 8 Filed 06/29/18 Page 21 of 22

## COUNT III

1. State the constitutional or other federal civil right that was violated: 42 USC. SS. 1983, Deprivation, of Equal Protection, US Constitution Amendment XIV.

2. **Count III.** Identify the issue involved. Check **only one**. State additional issues in separate counts.
☐ Basic necessities ☐ Mail ☐ Access to the court ☐ Medical care
☐ Disciplinary proceedings ☐ Property ☐ Exercise of religion ☐ Retaliation
☒ Excessive force by an officer ☐ Threat to safety ☐ Other: ______.

3. **Supporting Facts.** State as briefly as possible the FACTS supporting Count III. Describe exactly what **each Defendant** did or did not do that violated your rights. State the facts clearly in your own words without citing legal authority or arguments. John Kerry, former Secretary of State: The Defendant's irrational denial of the Requester's Copy as prescribed by FOIA/PA, had no governmental interest, which can preclude Excessive force by an Officer, Conspiracy, or Equal Protection. The Records were not escheated by the Government, which can absolve the Claim against it. And the Defendant had no good-faith affirmative defense, as required in Gomez v. Toledo, 446 U.S. 635 (1980) which Caused the Plaintiff's Constitutional Violation of Equal Protection by excessive force by an Officer, at-law.

4. **Injury.** State how you were injured by the actions or inactions of the Defendant(s).
Defendant acted, to possess the property of the Plaintiff, in his custody without, Consent, (a felony) and injured Plaintiff by excessive force.

5. **Administrative Remedies.**
   a. Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution? ☒ Yes ☐ No
   b. Did you submit a request for administrative relief on Count III? ☒ Yes ☐ No
   c. Did you appeal your request for relief on Count III to the highest level? ☐ Yes ☐ No
   d. If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not. Plaintiff, interalia the Grievance Process was released from Eloy Detention Center, to improve his Granted April 1 2015, Status

**If you assert more than three Counts, answer the questions listed above for each additional Count on a separate page.**

The Defendant's Supervisory Capacity, can be held liable by the Referral and the Record of the Page of the A-File, of Director Eggleston, with reference to the Department of State, to the extent that, it was a Known, Transferred, Published, Matter of the FOIA/PA in-regards to the Subject, herein; which permits Respondeat Superior of the Department of State.

In short, the Defendant is accountable to the Plaintiff/Subject's One-page, Freedom of Information Act and Privacy Act, whose litigation is the essence of Excessive Force by an Officer in Count III, of this Complaint, as subsequent Arrest of the Plaintiff was not obstructed by the Defendant, in his Power to do so. Which made him liable, at-law.

Furthermore, A plaintiff may assert against the third-party defendant any claim arising out of the transaction or occurence that is the subject matter of the Plaintiff's Claim against the third-party Plaintiff. (See, Fed. R. Civ. Proc. 14 (a)(3))

Also, when Joinder is not Feasible as to the Defendant, the Court must determine whether, in equity and good Conscience, the action should proceed among the existing parties, in Shaping the relief, to the Plaintiff. (See, Fed. R. Civ. Proc. 19 (b)(2)(B))

Therefore, this Court should apply the claim against the Defendant as it deemed fit, pursuant to 28 U.S.C. §§ 754 and 959(a), for the statute which governs the Capacity of a receiver to be sued in a United States Court

## E. REQUEST FOR RELIEF

State the relief you are seeking:

Plaintiff respectfully seeks, injunctive Relief of the 84-pages released to him by Defendants,

A Declaratory or Compensatory Relief of fifty thousand, dollars from each of the Defendants, for their Conspiracy to deny Plaintiff, his actual Remaining Record, at law.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on 7/6/18
DATE

Ozula. Obeabuchi
SIGNATURE OF PLAINTIFF

(N/A)
(Name and title of paralegal, legal assistant, or other person who helped prepare this complaint)

(N/A)
(Signature of attorney, if any)

(N/A)
(Attorney's address & telephone number)

## ADDITIONAL PAGES

All questions must be answered concisely in the proper space on the form. If you need more space, you may attach no more than fifteen additional pages. But the form must be completely filled in to the extent applicable. If you attach additional pages, be sure to identify which section of the complaint is being continued and number all pages.