SC

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Ikemefula Charles Ibeabuchi,<br>Plaintiff,<br>v.<br>Unknown Eggleston, et al.,<br>Defendants. | No. CV 17-04750-PHX-JAT (JZB)<br><br>**ORDER** |

Plaintiff Ikemefula Charles Ibeabuchi, who is now-confined in the Arizona State Prison Complex, Meadows Unit, in Florence, Arizona, filed a pro se civil rights Complaint pursuant to 42 U.S.C. § 1983 (Doc. 1) and an Application to Proceed In Forma Pauperis (Doc. 2). The Court dismissed the Complaint because it failed to state a claim with leave to amend (Doc. 8). Plaintiff has filed a First Amended Complaint (Doc. 10). The Court will dismiss the First Amended Complaint because it fails to state a claim but will grant Plaintiff leave to amend.

## I. Statutory Screening of Prisoner Complaints

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1)-(2).

A pleading must contain a "short and plain statement of the claim *showing* that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) (emphasis added). While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. Thus, although a plaintiff's specific factual allegations may be consistent with a constitutional claim, a court must assess whether there are other "more likely explanations" for a defendant's conduct. *Id.* at 681.

But as the United States Court of Appeals for the Ninth Circuit has instructed, courts must "continue to construe *pro se* filings liberally." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). A "complaint [filed by a pro se prisoner] 'must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Id.* (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam)).

If the Court determines that a pleading could be cured by the allegation of other facts, a pro se litigant is entitled to an opportunity to amend a complaint before dismissal of the action. *See Lopez v. Smith*, 203 F.3d 1122, 1127-29 (9th Cir. 2000) (en banc). Plaintiff's First Amended Complaint will be dismissed for failure to state a claim, but because it may possibly be amended to state a claim, the Court will dismiss it with leave to amend.

**II. First Amended Complaint**

In his three-count First Amended Complaint, Plaintiff designates his claims as

asserting a deprivation of property without due process, excessive use of force, and a violation of equal protection. Plaintiff sues "Director of Operation, FOIA/PA" Eggleston[1]; Deportation Officer Thompson of the Department of Homeland Security (DHS); and former Secretary of State John Kerry. Plaintiff seeks declaratory, injunctive, and compensatory relief.

**Background**

The following summary is cited to provide context for Plaintiff's claims. Plaintiff, A070675261, is a citizen of Nigeria.[2] *See State v. Ibeabuchi*, No. 1 CA-CR 16-0542, 2017 WL 5586968, at *1-2 (Ariz. Ct. App. Nov. 21, 2017). On November 8, 2001, Plaintiff pleaded guilty in Clark County District Court, case# C16162, to battery with intent to commit a crime and attempted sexual assault. *See Ibeabuchi v. Palmer*, No. 3:06cv00280 (D. Nev. May 16, 2006), Doc. 1-2 at 6-10, 11-22. Plaintiff was sentenced to a term of five to thirty years followed by lifetime supervision. *Id.*, Doc. 1-3 at 5-6.

In 2003, Plaintiff pleaded guilty to attempted sexual assault and sexual abuse in Maricopa County Superior Court, case #CR 1999-095310, and he was sentenced to two years in prison followed by lifetime probation. *Ibeabuchi*, 2017 WL 5586968, at *1-2. Plaintiff signed the Uniform Conditions of Probation and acknowledged that all sex-offender terms would be imposed. *Id.* Plaintiff was released from the Arizona Department of Corrections on January 10, 2004 to the Nevada Department of Corrections.[3] *Id.* In

---

[1] Plaintiff appears to be referring to Jill Eggleston, the Freedom of Information Act (FOIA) Officer/Public Liaison for United States Citizenship and Immigration Services (USCIS), a subsection of DHS. *See* https://www.dhs.gov/foia-contact-information (last visited Feb. 5, 2019). The primary location for DHS's day-to-day FOIA/Privacy Act operations and appeals is at the National Records Center in Missouri. *See* USCIS FOIA Request Guide, at 2-3.

[2] The Executive Office for Immigration Review Telephonic Case Information System (Ph. 1-800-898-7180) reports that Plaintiff was ordered removed by an immigration judge on October 5, 2004. The Board of Immigration Appeals affirmed the decision, and on August 11, 2015, denied Plaintiff's motion to reopen his case.

[3] *See* https://corrections.az.gov/public-resources/inmate-datasearch (last visited Feb. 20, 2019).

February 2014, Plaintiff was released from Nevada state prison and his custody transferred to Immigration and Customs Enforcement (ICE). *Id.* In his First Amended Complaint, Plaintiff indicates that in April 2015, he submitted a "notarized Form 656" seeking a copy of his immigration A-file.[4] (Doc. 10 at 10.)

In November 2015, ICE released Plaintiff after the Nigerian government declined to issue him travel documents to return to Nigeria. *Ibeabuchi*, 2017 WL 5586968, at *1-2. The same month, Plaintiff reported to the Maricopa Adult Probation Department. *Id.* In 2016, Plaintiff was charged with violating probation in CR 1999-095310. Plaintiff was subsequently found to have violated the terms of probation and was sentenced to prison.[5] An ICE detainer has been lodged against him upon release or the expiration of that sentence.[6]

Plaintiff has attached copies of various documents to his First Amended Complaint. These include the following:

- "Notification of Criminal Alien by Probation Agencies" completed by a Maricopa County Probation Officer on a United States Department of Justice Immigration and Naturalization Service form. (Doc. 10 at 29.)
- A copy of an October 5, 2016 DHS Immigration Detainer-Request for Voluntary Action prepared by Defendant Thompson for Maricopa County to detain Plaintiff for immigration authorities because Plaintiff had been convicted of an aggravated felony and probable cause existed for Plaintiff's removal from the United States because a final order of removal had issued.[7] (*Id.* at 30.)
- A May 14, 2003 Minute Entry from Maricopa County Superior Court, case# CR 1999-095310, in which Plaintiff was sentenced to a suspended two-year sentence and lifetime probation following his guilty plea to attempted sexual assault and sexual abuse. (*Id.* at 31-34.)
- Copies of a May 9, 2003 Maricopa County Superior Court Uniform

[4] Plaintiff may be referring to Internal Revenue Service Offer and Compromise Form 656 to settle tax liabilities for less than the full amount owed. *See* https://www.irs.gov/forms-pubs/about-form-656 (last accessed Feb. 20, 2019).

[5] *See* https://corrections.az.gov/public-resources/inmate-datasearch, search Inmate 177007 (last accessed Feb. 20, 2019).

[6] *See* n.5, *supra*.

[7] *See* n.2, *supra*.

Conditions of Probation form, which in part required Plaintiff to "Abide by the attached Special Conditions of Probation in this case," *id.* at 35; Plaintiff's Special Conditions of Probation, *id.* at 37; and the Judgment and Orders for Restitution, Fines, and Fees, *id.* at 36. The Special Conditions of Probation required Plaintiff to "attend, actively participate, and remain in sex offender treatment" and to submit to "any program of psychological or physiological assessment" if directed by the Probation Department to do so. (*Id.* at 37.)

- A copy of an October 5, 2016 "Petition to Revoke Probation-Order for Warrant" filed by the Maricopa County Probation Department against Plaintiff for violating three sex-offender probation conditions. (*Id.* at 38-39.) Attached to the Petition to Revoke is a copy of the May 9, 2003 "Original Conditions Signed." (*Id.* at 40.)

## III. Failure to State a Claim

Plaintiff indicates that he seeks relief under 42 U.S.C. § 1983, the Freedom of Information Act (FOIA) and the Privacy Act (PA), and/or *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). As noted above, Plaintiff only names current or former federal employees as Defendants in his First Amended Complaint.

### A. Relief under 42 U.S.C. § 1983

Plaintiff seeks relief under 42 U.S.C. § 1983, which provides a remedy for acts taken by persons acting under color of *state* law. However, Plaintiff sues only current or former federal employees or officers. Section 1983 does not afford relief against individuals who act under color of federal law. Accordingly, to the extent that Plaintiff seeks relief under § 1983, his claims will be dismissed.

### B. Relief for FOIA/PA Violations

Although none of Plaintiff's claims is so-denominated, Plaintiff in part appears to seek relief for alleged violations of FOIA or the PA. Plaintiff indicates that he submitted a FOIA/PA request for his A-file, which he believes contains copies of an Internal Revenue Service (IRS) audit against Wells Fargo Bank, Bank of America, Cedric Kushner, and Cedric Kushner Promotions. Eighty-four pages of documents from Plaintiff's A-file were withheld in response to Plaintiff's FOIA/PA request. Plaintiff contends that the

withholding of the 84-pages caused him to lose personal property, which in turn prevented him from being able to hire counsel to challenge his criminal charges and/or probation violation proceedings. Plaintiff asserts that on April 1, 2005, "the Record disclosed" that DHS granted California attorney Frank Ronzio permission to review Plaintiff's record following a 2004 IRS audit of Plaintiff. Plaintiff asserts that Ronzio gained access via fraudulent misrepresentation and by signing Plaintiff's name. Plaintiff asserts that this also entitles him to access to his complete A-file. Plaintiff claims that Defendant Eggleston failed to provide him "his complete record on request," specifically his complete A-file in response to his FOIA request. Plaintiff claims that Eggleston's alleged failure violated his federal rights, privileges, or immunities, and resulted in the loss of personal property. (Doc. 10 at 9.) According to Plaintiff, Eggleston's alleged withholding of the 84 pages from his A-file "caused" Plaintiff's imprisonment "due to lack of funds to retain Defense Counsel."[8] (*Id.*)

As the Court previously informed Plaintiff, violations of FOIA and the PA may only be brought against a federal agency, in this case, the USCIS. *Drake v. Obama*, 664 F.3d

---

[8] In its last Order, the Court noted that:

> According to the USCIS FOIA Guide, the *subject* of any requested records must sign the request or provide proof of identity before the records will be released to him. A third-party requester, i.e., a requester seeking records concerning or involving someone other than himself, is entitled to any public documents that may be in the record and documents that he may have submitted on behalf of the subject of the file, *but a third-party requester* without written consent or proof of death *from the subject* will receive only nonexempt information and records determined to be releasable under FOIA. USCIS FOIA Guide, at 7.

The Court concluded that the 84 pages withheld concerned a third-party from whom Plaintiff had not obtained consent. In his First Amended Complaint, Plaintiff contends that *he* was the subject of the records sought and that *he* did not, therefore, have to obtain consent from a third-party. Plaintiff appears to be correct, i.e., the 84 pages were not withheld because they contained private information concerning someone other than him. Nevertheless, an agency may withhold certain types of records concerning a subject. For example, certain law enforcement or terrorism-related records may be withheld. *See* 5 U.S.C. § 552a(b). Plaintiff may challenge the failure to provide certain records under FOIA or the PA, but he must name a proper defendant, i.e., a federal agency, and facts to support that the agency improperly withheld requested records. Plaintiff has done neither in the First Amended Complaint.

774, 785 (9th Cir. 2011) ("FOIA does not apply to any of the Defendants because they are all individuals, not agencies."); *Bettweiser v. Gans*, No. 1:15cv00493, 2017 WL 1217096, at *7 (D. Ida. Mar. 31, 2017), *aff'd* 715 Fed. App'x 767 (9th Cir. Mar. 22, 2018).

Because Plaintiff sues only individuals in his First Amended Complaint, he fails to name a proper defendant for any alleged FOIA or PA claim. Accordingly, Plaintiff fails to state a claim for alleged violation of FOIA or the PA and these allegations will be dismissed.

**C. Count I**

Plaintiff designates Count I as a claim for violation of equal protection based upon Eggleston's alleged withholding of 84 pages from Plaintiff's A-file. To the extent that Plaintiff asserts a violation of Equal Protection, he fails to state a claim.

"The Due Process Clause of the Fifth Amendment assures every person the equal protection of the laws, 'which is essentially a direction that all persons similarly situated should be treated alike.'" *Philips v. Perry*, 106 F.3d 1420, 1424-25 (9th Cir. 1997) (quoting *City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985)).[9] To state a claim for violation of the equal protection component of the Fifth Amendment's Due Process Clause, a plaintiff must allege that he was treated differently than similarly-situated persons and that the different treatment was based either on a suspect classification, such as race or religion, or violated a fundamental right. *Patel v. United States Bureau of Prisons*, 515 F.3d 807, 815, 816 (8th Cir. 2008). A plaintiff must also allege that the decision to treat him differently than similarly situated persons was motivated by intentional or purposeful discrimination. *Id.* Absent allegations that he is a member of a suspect class, or that a fundamental right has been violated, a plaintiff must allege facts to support that he was

---

[9] The Court assumes, without deciding, that relief pursuant to *Bivens* is available for equal protection claims. In *Ziglar v. Abbasi*, ___ U.S. ___, 137 S. Ct. 1843 (2017), the Supreme Court cautioned that "expanding the *Bivens* remedy is now a 'disfavored' judicial activity" and set forth a two-part test to determine whether a *Bivens* claim may proceed. 137 S. Ct. at 1857 (quoting *Iqbal*, 556 U.S. at 675). A court must first consider whether the claim at issue extends *Bivens* in a new context from previously established *Bivens* cases. *Id.* at 1859-60. If so, the court must apply a "special factors analysis" to determine whether there are "special factors counselling hesitation" in expanding *Bivens*. *Id.* at 1857, 1859-60.

intentionally treated differently from others who were similarly situated without a reasonable basis therefor. *See Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000). Conclusory allegations do not suffice. *See Village of Arlington Heights v. Metropolitan Hous. Dev. Corp.*, 429 U.S. 252, 265 (1977).

Plaintiff does not allege that he is a member of a suspect class, *Hydrick v. Hunter*, 466 F.3d 676, 700 (9th Cir. 2006), or facts to support that he has been treated differently based upon membership in any suspect class. Plaintiff also does not allege the violation of a fundamental right. Instead, as described above, Plaintiff alleges that 84 pages from his A-file were withheld from him in response to a FOIA request. Plaintiff fails to allege facts to support that anyone who was similarly situated to him was treated differently absent a rational basis. Accordingly, Plaintiff fails to state a claim for violation of equal protection in Count I and it will be dismissed.

**D. Count II**

Plaintiff designates Count II as a claim for violation of Equal Protection and the excessive use of force during an arrest by Thompson. The standard to state a claim for violation of Equal Protection is described above.

The use of excessive force by officers in the course of an arrest can violate an arrestee's Fourth Amendment right to be free from unreasonable seizures. *See White by White v. Pierce County*, 797 F.2d 812, 816 (9th Cir. 1986). However, the Fourth Amendment does not prohibit the use of reasonable force. *Tatum v. City & County of San Francisco*, 441 F.3d 1090, 1095 (9th Cir. 2006). Whether force was excessive depends on "whether the officers' actions [were] 'objectively reasonable' in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation." *Graham v. Connor*, 490 U.S. 386, 397 (1989); *Tatum*, 441 F.3d at 1095; *Lolli v. County of Orange*, 351 F.3d 410, 415 (9th Cir. 2003). The Court must balance the nature and quality of the intrusion against the countervailing governmental interests at stake. *Graham*, 490 U.S. at 396; *Lolli*, 351 F.3d at 415. Moreover,

> [t]he "reasonableness" of a particular use of force must be

> judged from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight. . . . . "Not every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers," violates the Fourth Amendment.

*Graham*, 490 U.S. at 396 (citations omitted). "Whether a particular use of force was 'objectively reasonable' depends on several factors, including the severity of the crime that prompted the use of force, the threat posed by a suspect to the police or to others, and whether the suspect was resisting arrest." *Tatum*, 441 F.3d at 1095.

Plaintiff alleges the following:

Defendant Thompson acted with "deliberate indifference" to Plaintiff's legal status, which Plaintiff claims is that of a United States citizen.[10] According to Plaintiff, since March 23, 2016, Thompson has discriminated against "the Plaintiff's Record on file, received by his Office on February 28, 2003, from Connie Casillas, Arizona Probation, Adult Probation" (citing exhibits to his First Amended Complaint). (Doc. 10 at 20.) Plaintiff appears to claim that the issuance of a replacement Alien Resident Card No. 2B041654108362 (expiring in 2026) by USCIS/DHS" conferred citizenship on him and that Thompson's alleged refusal to acknowledge as much constitutes "a discrimination to the Derivative Class of Immigrant." (*Id.*) Plaintiff claims, "Defendant's failure to voluntarily update the Immigration Records about Plaintiff caused injury of Imprisonment to the Class of Invalidated Sentence." (*Id.*) Plaintiff alludes to Form N-600[11] and states that "his Biometrics [were] captured on March 23, 2016" and that he is "awaiting civic test interviews and swearing-in ceremony in nine months thereafter." (*Id.* at 21.) Thus, Plaintiff appears to believe that the cited activities reflect that he has been granted United States citizenship. (*Id.*) Plaintiff states that his prison unit's resource library declined to

---

[10] As reflected in n.2, *supra*, a final order of removal has been issued against Plaintiff; Plaintiff is not a United States citizen.

[11] Form N-600 is an application for Certificate of Citizenship; Form N-400 is the form to apply for citizenship. *See* https://www.uscis.gov/n-600 (last accessed Feb. 20, 2019).

copy a "Request to Update" to be sent to Defendant Thompson, so Plaintiff's Request was never sent to Thompson. Plaintiff states that he has enclosed "a File-Record of the Arrest Warrant of October 5, 2016."[12] Plaintiff appears to claim that he was arrested for violating the terms of his probation based upon a falsified copy of his "Original Conditions of Probation,"[13] which was submitted by his Probation Officer, Catherine Swalwell. (*Id.*)

Plaintiff also alludes to Thompson's arrest of Plaintiff at gunpoint and appears to contend that such arrest constituted excessive force. Plaintiff does not allege when he was arrested by Thompson at gunpoint or identify the circumstances surrounding that arrest. That is, Plaintiff fails to allege *facts* concerning when and where he was arrested by Thompson. Plaintiff states that Thompson

> should ha[ve] known that[] the Plaintiff was at double jeopardy with the arrest and/or[] that the Arresting Document was fabricated, and that, the Arrest of the Plaintiff at gun-point, constituted excessive force, which made him liable as charged. Whether as an, Accessory before the Fact or [an] Accessory after the Fact, he, the Defendant Thompson deprived Plaintiff [of] federal rights, privilege[s] and immunity and caused him Damage to Imprisonment, by an excessive force by an Officer[.]

(*Id.*)

Plaintiff seemingly alleges that Thompson discriminated against Plaintiff based upon Plaintiff's immigration status, and Plaintiff appears to wrongly believe that he is a United States citizen. However, as described above, a final order of removal has been issued against Plaintiff. The issuance of an alien registration card does not confer citizenship on an immigrant; to the contrary, it reflects that Plaintiff is *not* a citizen of the United States. In any event, absent more, Plaintiff fails to allege facts to support that

---

[12] Plaintiff appears to be referring to the October 5, 2016 DHS Immigration Detainer-Request for Voluntary Action prepared by Thompson and issued to Maricopa County to detain Plaintiff for immigration authorities because Plaintiff had been convicted of an aggravated felony and probable cause existed for Plaintiff's removal from the United States because a final order of removal had issued. (Doc. 10 at 30.)

[13] Presumably, Plaintiff is referring to the May 9, 2003 Maricopa County Superior Court Uniform Conditions of Probation form, which in part required Plaintiff to "Abide by the attached Special Conditions of Probation" in Plaintiff's Maricopa County criminal case. (Doc. 10 at 35.)

Thompson violated Plaintiff's equal protection rights. Accordingly, Count II will be dismissed to the extent that Plaintiff asserts an equal protection violation.

Plaintiff also asserts that Thompson used excessive force against him by arresting him at gunpoint. Plaintiff fails to allege when or where Thompson arrested him or to allege facts to support that Thompson's display of his weapon was excessive under the circumstances at the time. Accordingly, Plaintiff also fails to state a claim for excessive use of force.

**D. Count III**

Plaintiff designates Count III as a claim for violation of equal protection, the standard for which is described above, against former Secretary of State Kerry. Plaintiff alleges that:

Defendant Kerry's "irrational denial of the Requester's copy as prescribed by FOIA/PA, had no governmental interest, which can preclude excessive force by an officer, conspiracy, or Equal Protection." (Doc. 10 at 11.) Records were not "escheated by the Government, which can absolve the claim against it." (*Id.*) "The Defendant" had no good faith affirmative defense, as required in *Gomez v. Toledo*, 446 U.S. 635 (1980)[,][14] which caused the Plaintiff's constitutional violation of Equal Protection by excessive force by an officer, at-law." (*Id.*) Plaintiff states that

> The Defendant's supervisory capacity[] can be held liable by the Referral and the Record of the Page of the A-File, of Director Eggleston, with reference to the Department of State, to the extent that[] it was a known, transferred, published matter of the FOIA/PA in-regards to the subject herein, which permits Respondeat Superior of the Department of State.
> In short, the Defendant is accountable to the Plaintiff/subject's one-page, Freedom of Information Act and Privacy Act, whose litigation is the essence of excessive force by an Officer in Count III[] of this Complaint, as subsequent arrest of the Plaintiff was not obstructed by the Defendant, in his power to do so[,] which made him liable, at-law.

(*Id.* at 43.) Plaintiff also alludes to claims against third-party defendants under Rule

[14] In *Gomez*, the Supreme Court addressed the standard to state a § 1983 claim. As discussed above, Plaintiff does not state a claim under § 1983 against any Defendant because each of the Defendants acted under color of federal, not state, law.

14(a)(3) of the Federal Rules of Civil Procedure and to joinder under the Federal Rules of Civil Procedure. Plaintiff asserts that this Court should apply the claim against the Defendant as it deems appropriate under 28 U.S.C. §§ 754 and 959(a). As his injury, Plaintiff states that "Defendant acted[] to possess the property of the Plaintiff, in his custody without[] consent, (a felony) and injured Plaintiff by excessive force." (*Id.* at 11.)

To the extent that Plaintiff asserts liability against Defendant Kerry based upon respondeat superior, Plaintiff fails to state a claim. *Iqbal*, 556 U.S. at 676. Otherwise, Plaintiff fails to allege when, where, or how Defendant Kerry allegedly violated Plaintiff's federal constitutional or statutory rights. Indeed, Plaintiff's allegations are difficult to follow or understand. Accordingly, Plaintiff fails to state a claim in Count III and it will be dismissed

## IV. Leave to Amend

For the foregoing reasons, Plaintiff's First Amended Complaint will be dismissed for failure to state a claim upon which relief may be granted. Within 30 days, Plaintiff may submit a second amended complaint to cure the deficiencies outlined above. The Clerk of Court will mail Plaintiff a court-approved form to use for filing a second amended complaint. If Plaintiff fails to use the court-approved form, the Court may strike the second amended complaint and dismiss this action without further notice to Plaintiff.

Plaintiff must clearly designate on the face of the document that it is the "Second Amended Complaint." The second amended complaint must be retyped or rewritten in its entirety on the court-approved form and may not incorporate any part of the original Complaint or First Amended Complaint by reference. Plaintiff may include only one claim per count.

A second amended complaint supersedes the original Complaint and First Amended Complaint. *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992); *Hal Roach Studios v. Richard Feiner & Co.*, 896 F.2d 1542, 1546 (9th Cir. 1990). After amendment, the Court will treat the original Complaint and First Amended Complaint as nonexistent. *Ferdik*, 963 F.2d at 1262. Any cause of action that was raised in the original Complaint or First

Amended Complaint and that was voluntarily dismissed or was dismissed without prejudice is waived if it is not alleged in a second amended complaint. *Lacey v. Maricopa County*, 693 F.3d 896, 928 (9th Cir. 2012) (en banc).

**V. Warnings**

**A. Release**

If Plaintiff is released while this case remains pending, and the filing fee has not been paid in full, Plaintiff must, within 30 days of his release, either (1) notify the Court that he intends to pay the unpaid balance of his filing fee within 120 days of his release or (2) file a *non*-prisoner application to proceed in forma pauperis. Failure to comply may result in dismissal of this action.

**B. Address Changes**

Plaintiff must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure. Plaintiff must not include a motion for other relief with a notice of change of address. Failure to comply may result in dismissal of this action.

**C. Possible "Strike"**

Because the First Amended Complaint has been dismissed for failure to state a claim, if Plaintiff fails to file a second amended complaint correcting the deficiencies identified in this Order, the dismissal may count as a "strike" under the "3-strikes" provision of 28 U.S.C. § 1915(g). Under the 3-strikes provision, a prisoner may not bring a civil action or appeal a civil judgment in forma pauperis under 28 U.S.C. § 1915 "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

**D. Possible Dismissal**

If Plaintiff fails to timely comply with every provision of this Order, including these

warnings, the Court may dismiss this action without further notice. *See Ferdik*, 963 F.2d at 1260-61 (a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS ORDERED:**

(1) The First Amended Complaint (Doc. 10) is **dismissed** for failure to state a claim. Plaintiff has **30 days** from the date this Order is filed to file a second amended complaint in compliance with this Order.

(2) If Plaintiff fails to file a second amended complaint within 30 days, the Clerk of Court must, without further notice, enter a judgment of dismissal of this action with prejudice that states that the dismissal may count as a "strike" under 28 U.S.C. § 1915(g) and deny any pending unrelated motions as moot.

(3) The Clerk of Court must mail Plaintiff a court-approved form for filing a civil rights complaint by a prisoner.

Dated this 26th day of February, 2019.

James A. Teilborg
Senior United States District Judge

**Instructions for a Prisoner Filing a Civil Rights Complaint in the United States District Court for the District of Arizona**

1. Who May Use This Form. The civil rights complaint form is designed to help incarcerated persons prepare a complaint seeking relief for a violation of their federal civil rights. These complaints typically concern, but are not limited to, conditions of confinement. **This form should not be used to challenge your conviction or sentence**. If you want to challenge a state conviction or sentence, you should file a petition under 28 U.S.C. § 2254 for a writ of habeas corpus by a person in state custody. If you want to challenge a federal conviction or sentence, you should file a motion under 28 U.S.C. § 2255 to vacate sentence in the federal court that entered the judgment.

2. The Form. **Local Rule of Civil Procedure (LRCiv) 3.4(a) provides that complaints by incarcerated persons must be filed on the court-approved form.** The form must be typed or neatly handwritten. The form must be completely filled in to the extent applicable. All questions must be answered clearly and concisely in the appropriate space on the form. If needed, you may attach additional pages, **but no more than fifteen additional pages**, of standard letter-sized paper. You must identify which part of the complaint is being continued and number all pages. If you do not fill out the form properly, you will be asked to submit additional or corrected information, which may delay the processing of your action. You do not need to cite law.

3. Your Signature. You must tell the truth and sign the form. If you make a false statement of a material fact, you may be prosecuted for perjury.

4. The Filing and Administrative Fees. The total fees for this action are $400.00 ($350.00 filing fee plus $50.00 administrative fee). If you are unable to immediately pay the fees, you may request leave to proceed in forma pauperis. Please review the "Information for Prisoners Seeking Leave to Proceed with a (Non-Habeas) Civil Action in Federal Court In Forma Pauperis Pursuant to 28 U.S.C. § 1915" for additional instructions.

5. Original and Judge's Copy. You must send an **original plus one copy** of your complaint and of any other documents submitted to the Court. You must send one additional copy to the Court if you wish to have a file-stamped copy of the document returned to you. All copies must be identical to the original. Copies may be legibly handwritten. **This section does not apply to inmates housed at an Arizona Department of Corrections facility that participates in electronic filing.**

6. Where to File. You should file your complaint in the division **where you were confined when your rights were allegedly violated**. *See* LRCiv 5.1(a) and 77.1(a). If you were confined in Maricopa, Pinal, Yuma, La Paz, or Gila County, file in the Phoenix Division. If you were confined in Apache, Navajo, Coconino, Mohave, or Yavapai County, file in the Prescott Division. If you were confined in Pima, Cochise, Santa Cruz, Graham, or Greenlee County, file in the Tucson Division. **Mail the original and one copy of the complaint with the $400 filing and administrative fees or the application to proceed in forma pauperis to:**

| Phoenix & Prescott Divisions: | OR | Tucson Division: |
|---|---|---|
| U.S. District Court Clerk | | U.S. District Court Clerk |
| U.S. Courthouse, Suite 130 | | U.S. Courthouse, Suite 1500 |
| 401 West Washington Street, SPC 10 | | 405 West Congress Street |
| Phoenix, Arizona 85003-2119 | | Tucson, Arizona 85701-5010 |

7. Change of Address. You must immediately notify the Court and the defendants in writing of any change in your mailing address. **Failure to notify the Court of any change in your mailing address may result in the dismissal of your case.**

8. Certificate of Service. You must furnish the defendants with a copy of any document you submit to the Court (except the initial complaint and application to proceed in forma pauperis). Each original document (except the initial complaint and application to proceed in forma pauperis) must include a certificate of service on the last page of the document stating the date a copy of the document was mailed to the defendants and the address to which it was mailed. *See* Fed. R. Civ. P. 5(a), (d). Any document received by the Court that does not include a certificate of service may be stricken. **This section does not apply to inmates housed at an Arizona Department of Corrections facility that participates in electronic filing.**

A certificate of service should be in the following form:

I hereby certify that a copy of the foregoing document was mailed
this ______________________________ (month, day, year) to:
Name: ______________________________________
Address:______________________________________
Attorney for Defendant(s)

___________________________________________________
(Signature)

9. Amended Complaint. If you need to change any of the information in the initial complaint, you must file an amended complaint. The amended complaint must be written on the court-approved civil rights complaint form. You may file one amended complaint without leave (permission) of Court within 21 days after serving it or within 21 days after any defendant has filed an answer, whichever is earlier. *See* Fed. R. Civ. P. 15(a). Thereafter, you must file a motion for leave to amend and lodge (submit) a proposed amended complaint. LRCiv 15.1. In addition, an amended complaint may not incorporate by reference any part of your prior complaint. LRCiv 15.1(a)(2). **Any allegations or defendants not included in the amended complaint are considered dismissed**. All amended complaints are subject to screening under the Prison Litigation Reform Act; screening your amendment will take additional processing time.

10. Exhibits. You should not submit exhibits with the complaint or amended complaint. Instead, the relevant information should be paraphrased. You should keep the exhibits to use to support or oppose a motion to dismiss, a motion for summary judgment, or at trial.

11. Letters and Motions. It is generally inappropriate to write a letter to any judge or the staff of any judge. The only appropriate way to communicate with the Court is by filing a written pleading or motion.

12. Completing the Civil Rights Complaint Form.

**HEADING:**

1. Your Name. Print your name, prison or inmate number, and institutional mailing address on the lines provided.

2. Defendants. If there are **four or fewer** defendants, print the name of each. If you name **more than four** defendants, print the name of the first defendant on the first line, write the words "and others" on the second line, and attach an additional page listing the names of **all** of the defendants. Insert the additional page after page 1 and number it "1-A" at the bottom.

3. Jury Demand. If you want a jury trial, you must write "JURY TRIAL DEMANDED" in the space below "CIVIL RIGHTS COMPLAINT BY A PRISONER." Failure to do so may result in the loss of the right to a jury trial. A jury trial is not available if you are seeking only injunctive relief.

**Part A. JURISDICTION:**

1. Nature of Suit. Mark whether you are filing the complaint pursuant to 42 U.S.C. § 1983 for state, county, or city defendants; "*Bivens v. Six Unknown Federal Narcotics Agents*" for federal defendants; or "other." If you mark "other," identify the source of that authority.

2. Location. Identify the institution and city where the alleged violation of your rights occurred.

3. Defendants. Print all of the requested information about each of the defendants in the spaces provided. If you are naming more than four defendants, you must provide the necessary information about each additional defendant on separate pages labeled "2-A," "2-B," etc., at the bottom. Insert the additional page(s) immediately behind page 2.

**Part B. PREVIOUS LAWSUITS:**

You must identify any other lawsuit you have filed in either state or federal court while you were a prisoner. Print all of the requested information about each lawsuit in the spaces provided. If you have filed more than three lawsuits, you must provide the necessary information about each additional lawsuit on a separate page. Label the page(s) as "2-A," "2-B," etc., at the bottom of the page and insert the additional page(s) immediately behind page 2.

**Part C. CAUSE OF ACTION:**

You must identify what rights each defendant violated. The form provides space to allege three separate counts (**one violation per count**). If you are alleging more than three counts, you must provide the necessary information about each additional count on a separate page. Number the additional pages "5-A," "5-B," etc., and insert them immediately behind page 5. Remember that you are limited to a total of fifteen additional pages.

1. Counts. You must identify which civil right was violated. **You may allege the violation of only one civil right per count**.

2. Issue Involved. Check the box that most closely identifies the issue involved in your claim. **You may check only one box per count**. If you check the box marked "Other," you must identify the specific issue involved.

3. Supporting Facts. After you have identified which civil right was violated, you must state the supporting facts. Be as specific as possible. You must state what each individual defendant did to violate your rights. If there is more than one defendant, you must identify which defendant did what act. You also should state the date(s) on which the act(s) occurred, if possible.

4. Injury. State precisely how you were injured by the alleged violation of your rights.

5. Administrative Remedies. You must exhaust any available administrative remedies before you file a civil rights complaint. *See* 42 U.S.C. § 1997e. Consequently, you should disclose whether you have exhausted the inmate grievance procedures or administrative appeals for each count in your complaint. If the grievance procedures were not available for any of your counts, fully explain why on the lines provided.

**Part D. REQUEST FOR RELIEF:**
Print the relief you are seeking in the space provided.

**SIGNATURE:**
You must sign your name and print the date you signed the complaint. Failure to sign the complaint will delay the processing of your action. Unless you are an attorney, you may not bring an action on behalf of anyone but yourself.

## FINAL NOTE

You should follow these instructions carefully. Failure to do so may result in your complaint being stricken or dismissed. All questions must be answered concisely in the proper space on the form. If you need more space, you may attach no more than fifteen additional pages. But the form must be completely filled in to the extent applicable. If you attach additional pages, be sure to identify which section of the complaint is being continued and number the pages.

Name and Prisoner/Booking Number

Place of Confinement

Mailing Address

City, State, Zip Code

**(Failure to notify the Court of your change of address may result in dismissal of this action.)**

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

______________________________ ,
(Full Name of Plaintiff)

Plaintiff,

v.

(1) ______________________________ ,
(Full Name of Defendant)

(2) ______________________________ ,

(3) ______________________________ ,

(4) ______________________________ ,

Defendant(s).

☐ Check if there are additional Defendants and attach page 1-A listing them.

**CASE NO.** ______________________________
(To be supplied by the Clerk)

**CIVIL RIGHTS COMPLAINT**
**BY A PRISONER**

☐ Original Complaint
☐ First Amended Complaint
☐ Second Amended Complaint

## A. JURISDICTION

1. This Court has jurisdiction over this action pursuant to:
   ☐ 28 U.S.C. § 1343(a); 42 U.S.C. § 1983
   ☐ 28 U.S.C. § 1331; *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971).
   ☐ Other: ______________________________.

2. Institution/city where violation occurred: ______________________________.

## B. DEFENDANTS

1. Name of first Defendant: ________________________________. The first Defendant is employed as: ____________________________________________ at____________________________________.
(Position and Title) (Institution)

2. Name of second Defendant: __________________________. The second Defendant is employed as: as: ____________________________________________ at____________________________________.
(Position and Title) (Institution)

3. Name of third Defendant: _________________________________. The third Defendant is employed as: ____________________________________________ at____________________________________.
(Position and Title) (Institution)

4. Name of fourth Defendant: _______________________________. The fourth Defendant is employed as: ____________________________________________ at____________________________________.
(Position and Title) (Institution)

**If you name more than four Defendants, answer the questions listed above for each additional Defendant on a separate page.**

## C. PREVIOUS LAWSUITS

1. Have you filed any other lawsuits while you were a prisoner? ☐ Yes ☐ No

2. If yes, how many lawsuits have you filed? ________. Describe the previous lawsuits:

a. First prior lawsuit:
   1. Parties: ____________________________ v. _____________________________________
   2. Court and case number: _____________________________________________________.
   3. Result: (Was the case dismissed? Was it appealed? Is it still pending?)_________________
   _____________________________________________________________________________.

b. Second prior lawsuit:
   1. Parties: ____________________________ v. _____________________________________
   2. Court and case number: _____________________________________________________.
   3. Result: (Was the case dismissed? Was it appealed? Is it still pending?)_________________
   _____________________________________________________________________________.

c. Third prior lawsuit:
   1. Parties: ____________________________ v. _____________________________________
   2. Court and case number: _____________________________________________________.
   3. Result: (Was the case dismissed? Was it appealed? Is it still pending?)_________________
   _____________________________________________________________________________.

**If you filed more than three lawsuits, answer the questions listed above for each additional lawsuit on a separate page.**

## D. CAUSE OF ACTION

### COUNT I

1. State the constitutional or other federal civil right that was violated: ______________________
______________________________________________________________________.

2. **Count I**. Identify the issue involved. Check **only one**. State additional issues in separate counts.
☐ Basic necessities ☐ Mail ☐ Access to the court ☐ Medical care
☐ Disciplinary proceedings ☐ Property ☐ Exercise of religion ☐ Retaliation
☐ Excessive force by an officer ☐ Threat to safety ☐ Other: ______________________.

3. **Supporting Facts.** State as briefly as possible the FACTS supporting Count I. Describe exactly what **each Defendant** did or did not do that violated your rights. State the facts clearly in your own words without citing legal authority or arguments.
______________________________________________________________________
______________________________________________________________________
______________________________________________________________________
______________________________________________________________________
______________________________________________________________________
______________________________________________________________________
______________________________________________________________________
______________________________________________________________________
______________________________________________________________________
______________________________________________________________________
______________________________________________________________________
______________________________________________________________________
______________________________________________________________________
______________________________________________________________________
______________________________________________________________________
______________________________________________________________________.

4. **Injury.** State how you were injured by the actions or inactions of the Defendant(s).
______________________________________________________________________
______________________________________________________________________
______________________________________________________________________.

5. **Administrative Remedies:**
   a. Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution? ☐ Yes ☐ No
   b. Did you submit a request for administrative relief on Count I? ☐ Yes ☐ No
   c. Did you appeal your request for relief on Count I to the highest level? ☐ Yes ☐ No
   d. If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not. ______________________________________________________
   ______________________________________________________________________.

## COUNT II

1. State the constitutional or other federal civil right that was violated: ______________________________
__________________________________________________________________________________.

2. **Count II.** Identify the issue involved. Check **only one**. State additional issues in separate counts.

☐ Basic necessities ☐ Mail ☐ Access to the court ☐ Medical care
☐ Disciplinary proceedings ☐ Property ☐ Exercise of religion ☐ Retaliation
☐ Excessive force by an officer ☐ Threat to safety ☐ Other: ______________________________.

3. **Supporting Facts.** State as briefly as possible the FACTS supporting Count II. Describe exactly what **each Defendant** did or did not do that violated your rights. State the facts clearly in your own words without citing legal authority or arguments.

__________________________________________________________________________________.

4. **Injury.** State how you were injured by the actions or inactions of the Defendant(s).

__________________________________________________________________________________.

5. **Administrative Remedies.**

a. Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution? ☐ Yes ☐ No

b. Did you submit a request for administrative relief on Count II? ☐ Yes ☐ No

c. Did you appeal your request for relief on Count II to the highest level? ☐ Yes ☐ No

d. If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not. ______________________________________________________________
__________________________________________________________________________.

**COUNT III**

1. State the constitutional or other federal civil right that was violated: ______________________________
______________________________________________________________________________.

2. **Count III.** Identify the issue involved. Check **only one**. State additional issues in separate counts.
   ☐ Basic necessities ☐ Mail ☐ Access to the court ☐ Medical care
   ☐ Disciplinary proceedings ☐ Property ☐ Exercise of religion ☐ Retaliation
   ☐ Excessive force by an officer ☐ Threat to safety ☐ Other: ______________________________.

3. **Supporting Facts.** State as briefly as possible the FACTS supporting Count III. Describe exactly what **each Defendant** did or did not do that violated your rights. State the facts clearly in your own words without citing legal authority or arguments.

______________________________________________________________________________
______________________________________________________________________________
______________________________________________________________________________
______________________________________________________________________________
______________________________________________________________________________
______________________________________________________________________________
______________________________________________________________________________
______________________________________________________________________________
______________________________________________________________________________
______________________________________________________________________________
______________________________________________________________________________
______________________________________________________________________________
______________________________________________________________________________
______________________________________________________________________________
______________________________________________________________________________
_____________________________________________________________________________.

4. **Injury.** State how you were injured by the actions or inactions of the Defendant(s).

______________________________________________________________________________
______________________________________________________________________________
_____________________________________________________________________________.

5. **Administrative Remedies.**
   a. Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution? ☐ Yes ☐ No
   b. Did you submit a request for administrative relief on Count III? ☐ Yes ☐ No
   c. Did you appeal your request for relief on Count III to the highest level? ☐ Yes ☐ No
   d. If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not. ______________________________________________________________
   ______________________________________________________________________.

**If you assert more than three Counts, answer the questions listed above for each additional Count on a separate page.**

## E. REQUEST FOR RELIEF

State the relief you are seeking:

_______________________________________________________________________________
_______________________________________________________________________________
_______________________________________________________________________________
_______________________________________________________________________________
_______________________________________________________________________________
_______________________________________________________________________________
______________________________________________________________________________.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on ______________________________ ______________________________

DATE SIGNATURE OF PLAINTIFF

_______________________________________________
(Name and title of paralegal, legal assistant, or
other person who helped prepare this complaint)

_______________________________________________
(Signature of attorney, if any)

_______________________________________________
(Attorney's address & telephone number)

## ADDITIONAL PAGES

All questions must be answered concisely in the proper space on the form. If you need more space, you may attach no more than fifteen additional pages. But the form must be completely filled in to the extent applicable. If you attach additional pages, be sure to identify which section of the complaint is being continued and number all pages.